# IN THE UNITED STATES
## COURT OF FEDERAL CLAIMS

**ANAHEIM GARDENS, et al.,**
                        **Plaintiffs,**

**v.**

**THE UNITED STATES,**
                        **Defendant.**

No.  93-655C
Judge Robert H. Hodges, Jr.

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION TO AMEND COMPLAINT

Plaintiffs Anaheim Gardens, et al., hereby respectfully oppose Defendant's Motion for a Protective Order (the "Motion").  Plaintiffs' discovery requests are relevant to their long-standing claims, and the Government should respond to those requests.  In the alternative, the Plaintiffs should be allowed to amend their complaint, in order to reflect the full extent of the injury and damages they have suffered.

## BACKGROUND

The Motion objects to the Plaintiffs' First Set of Interrogatories ("Plaintiffs' Interrogatories"), First Requests for Production of Documents, and First Request For Admission (the "Plaintiffs' Discovery Requests"), filed on October 27, 2007, because, the Motion contends, in seeking discovery concerning certain properties that were not listed in the Plaintiffs' Fourth Amended Complaint ("Complaint"), they assert new claims.[1]  Motion at 6.  Nothing could be

---

[1] Those properties (the "Disputed Properties") are certain properties owned by Thetford Properties III, L.P. ("Thetford III") (specifically, Beaumont Ave. Apts., Coleridge Road Apts., Icemorelee Street Apts., Hardee Street Apts., Holloway Court Apts., Holiday Town Apts., Henry Street Apts., Millbank Court Apts., Johnson Court Apts., Oakwood Ave Apts., Person Court Apts., Raleigh North Apts., Tucker Street Apts. and Young

*(Footnote continued on next page)*

further from the truth.  The Plaintiffs Discovery Requests do not seek information pertaining to new parties, they do not raise new takings theories, nor do they allege new facts in support of that taking.  The Plaintiffs have not altered the claims asserted in Complaint in 1997:  that at the time they entered into mortgage insurance programs operated by the U.S. Department of Housing and Urban Development ("HUD"), the Plaintiffs possessed the right to prepay their mortgages after 20 years, and that the enactment of the Emergency Low Income Housing Preservation Act of 1987, Pub. L.100-242 ("ELIHPA") and the Low Income Housing Preservation and Residential Homeownership Act of 1990 ("LIHPRHA"), Pub. L. 101-625 (jointly, the "Preservation Acts"), which prohibited the Plaintiffs from prepaying their insured mortgages, constituted a taking of that right.

At the time they filed the Complaint in 1997, the Plaintiffs explained that they were "22 individuals, partnerships and corporations" who owned HUD-insured multifamily properties throughout the country.  *See* Complaint at ¶ 7.  The Complaint was complete, clearly identifying the Plaintiffs in this case and the nature of the taking they suffered. The Plaintiffs also provided a list of properties that they owned, which, in the case of most Plaintiffs, was a single multifamily apartment property.  *Id*.  A handful of Plaintiffs, including Thetford III and Thetford IV, owned multiple properties, some of which were listed in ¶ 7 of the Complaint.  The property listing contained in ¶ 7 was intended for illustrative purposes only and did not indicate that it was intended to be an exclusive list of the properties owned by the Thetford Plaintiffs.  Thus, the Complaint put the Government on notice that Thetford III and IV were plaintiffs here, that they

---

**(Footnote continued from previous page)**

Ave Apts.) and by Thetford Properties IV, L.P. ("Thetford IV") (specifically, Calico Court Apts., Chowan Court Apts. #1, Columbus Court Apts., Franklin Court Apts., Holiday Town #2 Apts., Long Drive Apts. #1, Oakwood Ave Apts. #2, Peachtree Court Apts., and Stewart's Creek Apts. #1).

owned multiple properties, and that those properties suffered the same taking alleged by all the Plaintiffs in the Complaint.

Shortly after the filing of the Complaint, the case was stayed by the Court.  During the period of the stay, and the subsequent appeal of this proceeding, no discovery took place in this case.  Discovery only began in July 2006, after the case was remanded by the Federal Circuit.  At that time, the Government filed its First Request For Production of Documents ("Government Document Requests"), First Set of Interrogatories, and First Request for Admission (jointly, the "Government's Discovery Requests").  The Government's Discovery Requests defined "plaintiffs" to include the Plaintiffs listed in the Complaint, and sought discovery concerning the "Subject Properties," which referred "collectively to the properties owned by the plaintiffs that are the subject of claims asserted in this litigation."  *See* Government Document Requests at ii (Exhibit A).  Thus, from the outset of discovery in this case, the Government recognized that the scope of permissible discovery includes all properties "that are the subject of the claims asserted in this litigation."  Those "claims" are the taking claims asserted by the Plaintiffs here, including the takings claims asserted by the Thetford Plaintiffs in connection with their properties.

Pursuant to that broad scope of the Government's Discovery Requests, the Plaintiffs produced written discovery responses and tens of thousands of pages of documents concerning "the properties owned by the plaintiffs that are the subject of claims asserted in this litigation." These properties included several properties owned by the Thetford Plaintiffs – the Disputed Properties – that, while not included in the illustrative list that appeared in the Complaint, participated in the same mortgage insurance programs as the other Thetford properties and suffered the same taking injuries that "are the subject of claims asserted in this litigation."

10588339.1

Consistent with the scope of the "Subject Properties" included in the Government's Discovery Requests, the Plaintiffs' Discovery Requests, served in October 2006, defined the term "Subject Properties" as any "property that is the subject of the claims asserted in this litigation" and incorporated a specific list of those properties, including the Disputed Properties. *See* Plaintiffs' Interrogatories at 1 – 2 (Exhibit B).

When, more than six months after it received the Plaintiffs' Discovery Requests, the Government served its responses, it refused to provide discovery concerning the Disputed Properties.  At that point, the Government unilaterally narrowed the scope of permissible discovery from all "properties owned by the plaintiffs that are the subject of claims asserted in this litigation," to only those properties actually listed in the Complaint:

> We will be producing documents for those projects referenced in the definition of "subject properties," ***but only insofar as they are identified in paragraph seven of the Fourth Amended Complaint in*** <u>***Anaheim Gardens***</u>. . . .

Letter to Harry Kelly from David Harrington at 1 dated March 27, 2007 (emphasis added) (Exhibit C).  Having admitted in its own Discovery Requests that the scope of discovery in this case reaches all properties that are the subject of the Plaintiffs' takings claims, the Government cannot seriously contend that discovery concerning those properties – that is, discovery relating to the Disputed Properties – raises new claims, as its Motion asserts (*see* pg. 6).

## <u>ARGUMENT</u>

The Government is not entitled to a protective order, because Plaintiffs' complaint satisfies notice pleading, the discovery requests do not assert a new claim, and the Government is unable to prove prejudice.  Pursuant to Rule 8(a)(2) of the Rules of the Court of Federal Claims ("RCFC"), satisfactory pleadings only require a "short and plain statement of the claim."  The Complaint clearly satisfies this pleading requirement.  Furthermore, pursuant to RCFC 26(b)(1), "parties may obtain discovery regarding any matter…that is relevant to the claim or defense of

10588339.1

any party."  Plaintiffs' Discovery Requests, which seek to obtain information regarding subject properties owned by Plaintiffs named in the Complaint, are clearly relevant to their claims. According to RCFC Rule 26(c), a protective order is issued "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Because the Government fails to establish that any of these outcomes will result from responding to Plaintiffs' Discovery Requests, its Motion should be denied.

## A. PLAINTIFFS' DISCOVERY REQUESTS ARE RELEVANT TO THEIR EXISTING CLAIMS.

### a.  The Complaint Satisfies Notice Pleading Requirements

The information contained in the Complaint is more than sufficient to satisfy the Plaintiffs' notice pleading requirements.  The Supreme Court has held that under the rules of notice pleading, a sufficient claim is one that gives defendants "fair notice of what the Plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson,* 355 U.S. 41, 47 (1954); quoted by *M.A. Deatley Construction, Inc., v. U.S.,* 71 Fed. Cl. 370, 373 (2006).  Plaintiffs' Complaint clearly satisfies this notice requirement.  When the Complaint was filed, the Government was well aware of the identity of the Plaintiffs and the nature of their claims.  Although most of the Plaintiffs are owners of a single multifamily property, the Thetford Plaintiffs owned multiple properties, all of which were authorized to prepay their mortgages after 20 years.  Leaving aside its own knowledge of the properties and owners that were participating in its insured mortgage programs, the Government was fully informed that the Thetford Plaintiffs owned multiple properties that experienced the same takings claim that were the subject of the Complaint.

The Government now contends that the Complaint should have included an exhaustive list of all subject properties under each named Plaintiff.  This is far more than the notice pleading of RCFC 8 requires.  Notice pleading is simply intended to give "fair notice" of the claim, and

10588339.1

the grounds upon which it rests.  *Conley*, 355 U.S. at 47.  It is indisputable that the Complaint put

the Government on fair notice that the claim exists.  Alleging that a complete list of subject

properties was required is not only erroneous, but also impossible, as discovery is intended to

uncover new facts, and in this case, potentially new subject properties.  As the Supreme Court

declared in *Conley*, "such simplified 'notice pleading' is made possible by the liberal opportunity

for discovery…to disclose more precisely the basis of both the claim and defense, and to define

more narrowly the disputed facts and issues."  *See id.*  Under this standard, the Complaint would

have been sufficient if it identified the Plaintiffs, said they owned HUD insured properties, and

alleged that they suffered takings damages, without mentioning a single specific property.  If the

Plaintiffs were under no obligation to list any of their properties in the Complaint, the

Government cannot object when the Plaintiffs specify those properties in the course of discovery.

While it may be true, as the Advisory Committee Notes to the 2000 Amendments to Fed.

R. Civ. P. 26(1) explain, that parties "have no entitlement to discovery to develop new claims or

defenses that are not already identified in the pleadings" (Motion at 7), that rule does not apply

here, because in seeking discovery concerning the Disputed Properties, the Plaintiffs are not

asserting new claims, but only seeking all information in the Government's possession

concerning the injury and damages from the takings claim the Thetford Plaintiffs raised long

ago.  In fact, courts deny motions to amend complaints solely to clarify a party's claim because

the same goal is better performed by discovery.  *Evans v. Union Bank of Switzerland*, 2004 U.S.

Dist. LEXIS 6353, *3 (E.D. La. April 12, 2004) (motion to amend to clarify complaint denied as

"unnecessary," because "fleshing out of the allegations against [defendants] can and should take

place via written and deposition discovery, including contention interrogatories.").  In seeking

Deleted: *Scott A.*

Formatted: No underline, Font color: Auto

Formatted: Font color: Auto

discovery concerning the Disputed Properties, this is exactly what the Plaintiffs' Discovery Requests accomplished.

Certainly, the fact that the Plaintiffs have sought discovery concerning the Disputed Properties does not change any of the claims in this case. The information contained in the Complaint accurately described the Plaintiffs and put the Government on notice that they were owners of multifamily properties – in the case of Thetford III and Thetford IV, multiple properties – who suffered a taking of their prepayment right as a result of the enactment of the Preservation Statutes. The Motion does not contend – nor could it honestly contend – that the Government was ignorant of the fact that the Thetford Plaintiffs owned the Disputed Properties, that the Disputed Properties were participants in HUD's insured multifamily apartment program, that the Thetford Plaintiffs had the same right to prepay the mortgages of the Disputed Properties as those listed in the Complaint, and that the Preservation Statutes affected a taking of that right. Given that the Government itself has admitted that discovery concerning all properties that suffered a taking is permissible, the Government should not be allowed to unilaterally restrict the scope of the Plaintiffs' Discovery Requests now.

**b. The Government Has No Grounds For A Protective Order Here.**

Pursuant to RCFC 26(c), protective orders are issued to prevent discovery of issues unrelated to the lawsuit. As explained above, the Government's Motion seeks a protective order for discovery that is clearly related to claims that have been at the heart of this litigation for years. As noted above, Thetford III and Thetford IV are named Plaintiffs, the Plaintiffs' Discovery Requests relate to the same takings claims asserted in the Complaint, and those requests seek information concerning properties owned by Thetford III and Thetford IV that participated in HUD's mortgage insurance programs and suffered the same taking arising from

10588339.1

the prepayment prohibitions contained in the Preservation Statutes.  The injuries suffered by the Disputed Properties are clearly related to this lawsuit.

To support its contention that a protective order should be granted for discovery going beyond the scope of the Complaint, the Government cites to *Siesta Village Market, LLC v. Perry*, 2007 U.S. Dist. LEXIS 10519.  *Siesta* involved a lawsuit to challenge the constitutionality of Texas's system for regulating the sale, shipment and delivery of wine by out of state retailers directly to Texas consumers.  A protective order was issued against some discovery demands that were related to State regulation of tobacco and alcohol in general, on the basis that some of the requests had nothing to do with wine, and were therefore not relevant to the claim or defense of any party.  *Siesta* might be relevant if, for example, the Plaintiffs were seeking discovery concerning a taking arising from action by another Federal department, or pursuant to operation of laws other than the Preservation Statutes.[2]  That is not the case here, where the Plaintiffs are simply attempting to seek discovery concerning properties owned by the Plaintiffs -- including the Disputed Properties -- that are the subject of the takings claims asserted in the Complaint here.  Because discovery concerning the Disputed Properties relates directly to the claims asserted in the Complaint, there are no grounds for a protective Order, and the Motion must be denied.

---

[2] Even if it were not permissible for the Thetford Plaintiffs to seek damages for the takings injury suffered by the Disputed Properties – a proposition the Plaintiffs vigorously dispute – there is no ground for a protective order here.  Under RCFC 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," and "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Given that the Disputed Properties participated in the same insured mortgage programs as the other Plaintiffs' properties and suffered the same taking, information concerning the Disputed Properties' experience under the Preservation Statutes is immediately relevant to the claims of the Plaintiffs here – especially the claims of the Thetford Plaintiffs – eliminating any grounds for a protective order here.  *System Fuels, Inc. v. United States*, 73 Fed. Cl. 206, 215 (2006) ("a particular fact need not 'be alleged in a pleading for a party to be entitled to discovery of information concerning that fact,'" quoting Advisory Committee Notes to 2000 Amendment to Fed. R. Civ. P. 26(b)(1)).

10588339.1

**B.  TO THE EXTENT THE PLAINTIFFS' DISCOVERY REQUESTS DO NOT SATISFY NOTICE PLEADINGS REQUIREMENTS, THE COURT SHOULD GRANT LEAVE TO AMEND THE COMPLAINT.**

In the unlikely event that the Court concludes that RCFC 8 requires the Plaintiffs to specifically list the Disputed Properties in their Complaint in order to obtain discovery, the Plaintiffs should be permitted to amend the Complaint.  The rules of this Court provide that pleading should not be "a game of skill" and "accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *M.A. Deatley Construction* at 373, citing *Conley* at 47-48.  In order to facilitate a proper decision on the merits of Plaintiffs' claims, and to fully compensate the Thetford Plaintiffs, they should be allowed to seek damages for all of their properties that were affected by the takings alleged in the Complaint.

This outcome is fully consistent with RCFC 15, which provides that leave to amend a complaint "shall be freely given when justice so requires," and the Supreme Court has declared that "in the absence of circumstances such as bad faith, futility of amendment, undue delay, or undue prejudice to the opposing party," leave should be freely given.  *Foman v. Davis,* 371 U.S. 178, 181-82 (1962), quoted by *Angelo v. United States,* 57 Fed. Cl. 100, 104 (2003).

Certainly, the Government cannot show that undue prejudice will result if Plaintiffs are granted leave to amend the complaint because, as noted, the Complaint put the Government on notice that the Thetford Plaintiffs owned multiple properties that suffered the same takings alleged by all of the other Plaintiffs here.  To successfully allege undue prejudice, the Government must show that one of the following will result: "severe disadvantage or inability to present facts or evidence; necessity of conducting extensive research shortly before trial…or; excessive delay that is unduly burdensome...Mere annoyance and inconvenience…are insufficient bases to warrant a denial of a motion to amend." *St. Paul Fire and Marine Insurance*

Deleted: ;
Deleted: *Aaron*
Deleted: *, Jr., et al.,*
Deleted: .
Deleted: .

10588339.1

*Company v. United States,* 31 Fed. Cl. 151, 153 (1994); *State of Alaska v. United States*, 15 Cl. Ct. 273, 280 (1988).  Amending the Complaint will not disadvantage or reduce the Government's ability to present its case, nor has any trial date has been set in this matter (indeed, discovery is still ongoing).

Moreover, the Government can cite to no actual prejudice it will suffer if the Complaint is amended to include the Disputed Properties.  This case was stayed shortly after the Complaint was filed and no discovery took place until the appeal was complete and the case remanded to this Court last summer.  If anything, it is the Plaintiffs that are prejudiced by the Government's waiting six months to raise objections to discovery concerning the Disputed Plaintiffs.  That prejudice can be eliminated by allowing the Plaintiffs to amend the Complaint to obtain the discovery to which they are entitled.  Thus, to the extent that the Court believes it is preferable to formally list the Disputed Properties in the Complaint, the Court should permit the Plaintiffs to amend the Complaint.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny the Government's Motion, or in the alternative, grant leave to amend the Complaint.

Dated:  May 25, 2007

_____/s/  Harry J. Kelly_____
Harry J. Kelly
NIXON PEABODY LLP
401 Ninth Street, N.W.
Suite 900
Washington, DC  20004
(202)585-8000

Counsel to the Plaintiffs

10588339.1

<u>CERTIFICATE OF FILING</u>

I hereby certify that on the 25th day of May, 2007, a copy of the foregoing Plaintiffs'

Opposition To Defendant's Motion For Protective Order Or, In the Alternative, Motion To

Amend Complaint was filed electronically.  I understand that notice of this filing will be sent to

all parties by operation of the Court's electronic filing system.  Parties may access this filing

through the Court's system.  Additionally, a copy of this filing has been transmitted by facsimile

to the Government's counsel, David Harrington, Esq.


                                                        /s/  Harry J. Kelly

10588339.1