## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ANAHEIM GARDENS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 93-655C |
| ) | (Judge Tapp) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## JOINT STATUS REPORT

Pursuant to the Court's November 6, 2024 order (ECF No. 793), plaintiffs, Anaheim Gardens, *et al.* (specifically, the Second-Wave Plaintiffs (SWPs)), and defendant, the United States, respectfully provide the following joint status report "proposing a trial schedule for the first group of SWPs."

**SWPs' Position:**

1. On November 19, 2024, SWPs' counsel communicated with counsel for the defendant, suggesting that 11 SWPs be included in the first "tranche" of plaintiffs for trial. The proposed SWPs are: (1) Millwood Associates, L.P.; (2) Napa Park Homes, Inc.; (3) Glenview Gardens, L.P.; (4) Ontario Town Homes, L.P.; (5) Suburbia Associates, L.P.; (6) West 110th Street Apartments, L.P.; (7) Sierra Vista One, L.P.; (8) 5324 Foothill Apartments, G.P.; (9) 825 San Tomas Apartments, L.P.; (10) Algonquin Heights Associates, L.P.; and (11) The Palomar Apartments, L.P.

2. SWPs suggested those properties for several reasons. One of the reasons is efficiency, because one witness, John Wall, will testify on behalf of the first five properties and another witness, Tod Spieker, will testify about four of the properties, West 110th Street, Sierra Vista, 5324 Foothill Apartments and San Tomas.

3. Having not received a response, SWPs' counsel sent a follow up communication to defendant's counsel on Monday, November 23, 2024. Counsel for defendant responded by saying, among other things, "We believe that the tranches should be structured so that a witness will only testify once during the entire trial." Defendant's counsel also suggested that five different SWPs, the so-called "Reagan plaintiffs," which Plaintiffs did not propose to include in the first tranche, be included in that tranche, and that a future tranche include all of the 10 SWPs about which Mr. Wall will testify.

4. SWPs responded that afternoon to the defendant's proposal by respectfully disagreeing for four reasons. First, deference should be given to the plaintiffs' proposed order, since in any other trial, the plaintiffs would have the prerogative to select the order of their witnesses and their proof. Second, Mr. Wall is elderly, and making him testify for many days about 10 separate properties consecutively is unfair to him and prejudicial to SWPs. Third, it is not more efficient to force Mr. Wall to testify about 10 properties in one trial. The background testimony he will provide during trial testimony for the first tranche will not be repeated in any later tranche, and since each property has individual characteristics and a different history, Mr. Wall's testimony about plaintiffs and properties not part of the first tranche will be limited to facts specific to each property. SWPs also offered to have the other properties Mr. Wall will testify about included in the second tranche. Fourth, SWPs said if defendant's position is that *every* witness should only testify once, SWPs objected because it is unfair to require SWPs to cross-examine a defense witness about testimony that witness might give about a SWP in a different tranche.

5. It was not until 4:56 p.m. on Tuesday, November 24th that the defendant responded to the email SWPs sent nearly 24 hours before. The response included a draft JSR

2

saying the parties had "reached agreement that trial should begin on August 25, 2025 with a first tranche of plaintiffs" and went on to name the four plaintiffs Mr. Spieker will testify about.

6.      The first of those statements is incorrect, the parties did not agree to an August 25, 2025 start date. Indeed, SWPs propose to start the trial no later than August 11, 2025. The second statement is disingenuous at best. SWPs proposed the four Spieker properties as part of the first tranche, along with the five Wall properties and Palomar and Algonquin Heights. The government rejected the proposal.

7.      The defendant's proposed JSR discusses the government's position on when witnesses would testify. It seems to amount to one procedure for plaintiffs, and another for the Government:  SWPs' witnesses must testify only once and during a particular tranche, while the government witnesses will not testify until all the tranches are complete.  That proposal is new and has never been discussed by the parties. It is also unacceptable to SWPs because it would be prejudicial and inefficient. Any rebuttal witnesses would need to be called after the government's witnesses, which would likely be multiple months after direct testimony was provided by witnesses for some SWPs.

**Defendant's Position:**

The Government has no objection to the SWPs' suggestion for the first tranche of plaintiffs to include the following six SWPs: West 110th Street Apartments, LP (referred to as Metro West, LP in the seventh amended complaint); Sierra Vista One, LP; 5324 Foothill Apartments, GP; 825 San Tomas Apartments, LP; Algonquin Heights Associates, LP; and The Palomar Apartments, LP.

However, the Government disagrees with SWPs' proposal to include the remaining five plaintiffs—Millwood Associates, LP, Napa Park Homes, Inc., Glenview Gardens, LP, Ontario

Town Homes, LP, and Suburbia Associates, LP—in the first trial tranche, because SWPs plan to present the testimony of John Wall related to these SWPs, but then call Mr. Wall a second (or even third) time later in the trial.

It is the Government's position that, if Mr. Wall is going to present testimony regarding ten SWPs in total, then his testimony should not be divided among tranches – with direct examination, followed by cross-examination and re-direct, related to five SWPs in the first tranche, then, weeks later, one or more separate direct examination, cross-examination, and re-direct related to other SWPs. Instead, there should be a single direct examination of Mr. Wall, a single cross-examination, and a single re-direct, just as there would be with any other witness. The Government is open to coordinating with SWPs on joint stipulations and joint exhibits that may lessen the amount of time that Mr. Wall must testify.

Instead of the five properties discussed above, the Government proposes that the final five SWPs in the first tranche should be Brandy Hill Company, Cromwell Court Company, King's Grant Company, Pine Crest Company, and Riverside Village Company (with regard to which SWPs state that James Reagan will testify). The Government's proposed tranche of SWPs presents efficiencies because of geographical similarities among them. The properties of SWPs Brandy Hill Company, Cromwell Court Company, Pine Crest Company, and Riverside Village Company are, like that of Algonquin Heights Associates, LP, all located in Massachusetts, while West 110th Street Apartments, LP, Sierra Vista One, LP, 5324 Foothill Apartments, GP, 825 San Tomas Apartments, LP, and The Palomar Apartments, LP, are all located in California.

It is also the Government's position that, although the Government's direct examination and cross-examination of SWPs' witnesses will occur after the direct examination of those witnesses by SWPs' counsel, the witnesses that are part of defendant's case-in-chief should

4

appear after the close of plaintiffs' case related to all SWPs.  It is standard practice for a defendant to put on its case after plaintiffs' case is complete.  Moreover, if a defense witness provides testimony related to multiple plaintiffs or properties, it is more efficient for that witness to testify once, rather than appear more than once – that is, during more than one trial tranche – to testify about specific plaintiffs or properties.

      Finally, defendant proposes that trial begin on August 25, 2025, to leave time for pre-trial preparation between the close of expert discovery and the start of trial.

Respectfully submitted,

| | |
|---|---|
| s/ Harry J. Kelly | BRIAN M. BOYNTON |
| Harry J. Kelly | Principal Deputy Assistant Attorney General |
| NIXON PEABODY LLP | |
| 799 9th Street N.W., Suite 500 | PATRICIA M. McCARTHY |
| Washington, D.C. 20001 | Director |
| (202) 585-8000 | |
| hkelly@nixonpeabody.com | s/ Franklin E. White, Jr. by s/A. Bondurant Eley |
| | FRANKLIN E. WHITE, JR. |
| Attorneys for Plaintiffs | Assistant Director |
| | |
| | s/ Amanda L. Tantum by s/ Emma E. Bond |
| | AMANDA L. TANTUM |
| | EMMA E. BOND |
| | Senior Trial Counsel |
| | A. BONDURANT ELEY |
| | Senior Litigation Counsel |
| | TATE N. WALKER |
| | BRITTNEY M. WELCH |
| | JOSHUA W. MOORE |
| | Trial Attorneys |
| | Commercial Litigation Branch |
| | Civil Division, Department of Justice |
| | P.O. Box 480, Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Telephone: (202) 616-8131 |
| | E-mail: amanda.tantum@usdoj.gov |
| | |
| | Attorneys for Defendant |

November 26, 2024