IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ANAHEIM GARDENS, et al., | ) |
|           **Plaintiffs,** | ) |
| v. | )    No. 93-655 |
| | )    (Judge David A. Tapp) |
| THE UNITED STATES, | ) |
|           **Defendant.** | ) |

**FIRST WAVE PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF POST-TRIAL OPINION AND ORDER**

First Wave Plaintiffs ("FWPs"), by and through counsel, hereby move for an order permitting FWPs to file a reply brief in support of their Motion for Reconsideration of Post-Trial Opinion and Order (ECF No. 818) ("Motion for Reconsideration") within seven (7) days of any order by the Court granting this Motion.[1] In support of this Motion, FWPs state as follows:

1. On January 24, 2025, the Court issued its Post-Trial Opinion and Order (ECF No. 809) regarding FWPs' regulatory takings claims in this case.

2. FWPs filed their Motion for Reconsideration on February 24, 2025.

3. On February 25, 2025, the Court ordered the United States to file a response to FWPs' Motion for Reconsideration by March 25, 2025. *See* ECF No. 820; RCFC 59(f) ("A response to any motion under this rule may be filed only at the court's request and within the time specified by the court.").

4. The Court has previously held that "the filing of a reply" in support of a motion for reconsideration "requires a motion for leave" when the Court issues an "Order … pursuant to RCFC 59(f) requesting the filing of a response to [a] motion for reconsideration" but does "not

---

[1] FWPs expect that a reply would otherwise be subject to the requirements of RCFC 5.4.

also request the filing of a reply." *Hernandez, Kroone & Assocs. v. United States*, No. 07-165C, 2013 U.S. Claims LEXIS 720, at *4 (June 25, 2013) (Merow, S.J.). Like the Court in *Hernandez*, this Court, directed a response to the Motion for Reconsideration, but did not request a reply. Accordingly, FWPs understand that they must file this Motion, and the Motion must be granted by the Court, to file a reply in support of their Motion for Reconsideration.

5.  For multiple reasons, FWPs have good cause to support this Motion. First, the United States filed a 41-page response (ECF No. 823) that contains arguments and citations to evidence in the trial record that FWPs should have an opportunity to address in a reply. Second, a reply will further clarify legal issues and material facts from the trial record impacting this Court's Post-trial Opinion and Order, which is important due to the extensive trial record and reassignment of this case to this Court after trial of FWPs' claims before Judge Campbell-Smith. Third, clarity is especially important in this case because most of the issues and arguments discussed in FWPs' Motion for Reconsideration, many of which would also be further discussed in a reply, have a bearing on the claims of all plaintiffs, and uncertainties and confusion caused by the Court's application of the *Penn Central* factors in its Post Trial Opinion impair trial preparation for Second Wave Plaintiffs ("SWPs"). *See generally* ECF No. 821 (requesting a stay of proceedings for SWPs due to uncertainties and confusion resulting from the Post-Trial Opinion and Order). Fourth, this Court has often permitted replies in support of motions for reconsideration, even when parties fail to file a motion for leave. *See, e.g.*, *Hernandez, Kroone & Assocs.*, 2013 U.S. Claims LEXIS 720 at *5 (granting leave "for the filing of defendant's Reply" in support of defendant's Motion for Reconsideration, even though defendant never filed a motion for leave to file the reply). Fifth, the relief requested in this Motion will not unfairly prejudice the United States because the United States already had ample opportunity to, and did,

file a response, and replies in support of motions are generally permitted as a matter of course under the rules of this Court. *See, e.g.*, RCFC 7.2(a)(2). Sixth, the relief requested in this Motion will not unreasonably delay resolution of FWPs' Motion for Reconsideration because FWPs merely seek seven days after resolution of this Motion by the Court within which to file a reply.

6.  Plaintiffs' counsel conferred with counsel for the United States to determine whether the United States would oppose this Motion. Counsel for the United States stated that the United States "objects" to the Motion.

## CONCLUSION

For the reasons stated herein, the Court should grant FWPs' Motion and permit them to file a reply in support of their Motion for Reconsideration.

Dated: March 31, 2025                                      Respectfully submitted,

/s/ Harry J. Kelly
Harry J. Kelly
NIXON PEABODY LLP
799 9th Street N.W., Suite 500
Washington, D.C. 20001
(202) 585-8000
hkelly@nixonpeabody.com

Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing Motion to be filed electronically with the Clerk of Court using the CM/ECF system on this 31st day of March 2025, which will then send a notification of such filing (NEF) to the following recipients:

>AMANDA L. TANTUM
>Senior Trial Counsel
>Commercial Litigation Branch
>Civil Division
>Department of Justice
>Ben Franklin Station
>P.O. Box 480
>Washington, D.C. 20044
>amanda.tantum@usdoj.gov

                                /s/ Harry J. Kelly
                                Harry J. Kelly