IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ANAHEIM GARDENS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 93-655C |
| ) | (Judge Tapp) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO FIRST-WAVE PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE COURT'S POST-TRIAL OPINION AND ORDER**

Defendant, the United States, respectfully responds to first-wave plaintiffs' (FWPs) motion for leave to file a reply in support of their motion for reconsideration of the Court's post-trial opinion and order. *See* Motion for Leave to File Reply, March 31, 2025, ECF No. 824.

**ARGUMENT**

Rule 59 of the Rules of the United States Court of Federal Claims (RCFC) does not provide for the filing of a reply in support of a motion for reconsideration and does not allow a response to such a motion unless the Court requests one. RCFC 59(f). The Court should deny FWPs' request for leave to file a reply in support of their motion for reconsideration because FWPs already failed, in that motion, to demonstrate that there are any grounds for the Court to reconsider its post-trial opinion and order. *See Martin v. Feeny Chrysler-Dodge Of Gaylord, Inc.*, No. 09-12513-BC, 2010 WL 3623206, at *1 (E.D. Mich. Sept. 15, 2010) (unpublished) (denying a motion for leave to file a reply in support of a motion for reconsideration because a reply was not necessary to resolve the motion for reconsideration).

FWPs did not demonstrate an intervening change in the controlling law or newly discovered evidence, and instead claimed that reconsideration was required to correct clear legal

and factual errors and prevent manifest injustice. *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016); *see* Pls. Mot. for Reconsideration at 1, Feb. 24, 2025, ECF No. 818 ("manifest injustice" would result absent correction of purported errors in application of the investment-backed expectations and economic impact factors of the *Penn Central* test); *id.* at 37 ("manifest error of law" in balancing of *Penn Central* factors); *id.* at 10 ("clear error as a matter of fact and law" in analysis of Rock Creek Limited Partnership's investment-backed expectations). Certainly, FWPs have already failed to demonstrate "'[m]anifest injustice,'" that is, "injustice that is apparent to the point of being almost indisputable." *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 30 (2007) (quoting *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006)). With regard to the Court's economic impact analysis, it is plain from the motion for reconsideration alone that FWPs fail to "identify any error in the Court's reasoning – much less extraordinary circumstances justifying reconsideration." Def. Resp. to Pls. Mot. for Reconsideration at 3, Mar. 25, 2025, ECF No. 823. As we have pointed out, although FWPs complain about the Court's treatment of demonstratives and request reconsideration of the Court's credibility determination related to Dr. Trout, *see* Pls. Mot. for Reconsideration at 36, the Court already "explained that consideration of those excluded materials would not affect its credibility findings, which were based on the evidence at trial and the Rule 63 hearing." Def. Resp. to Pls. Mot. for Reconsideration at 18 (citing Post-trial Op'n & Order at 5 n.5, Jan. 24, 2025, ECF No. 809).

Because there are no grounds for reconsideration of the Court's economic impact analysis, "FWPs fail to show that their arguments regarding reasonable investment-backed expectations – even if accepted as true – 'could affect the outcome' of the regulatory takings analysis." *Id.* at 22 (quoting *1950 Lakeshore Drive, LLC v. United States*, – Fed. Cl. –, No. 22-

902L, 2025 WL 654892, at *1 (Fed. Cl. Feb. 27, 2025) (appeal pending)).  In any event, FWPs' complaints about the Court's analysis of investment-backed expectations amount to no more than bare disagreement with how the Court weighed the facts, *id.* at 25, 37; improperly raise new subjects that could have been raised prior to the Court's judgment, *id.* at 35; or are waived because they are based on undeveloped arguments.  *Id.* at 34.

A reply is, therefore, unnecessary for the Court to conclude that FWPs raise no grounds on which reconsideration of the Court's post-trial opinion and order could be warranted.

## **CONCLUSION**

For these reasons, the Court should deny FWPs leave to file a reply in support of their motion for reconsideration.

                    Respectfully submitted,

                    YAAKOV M. ROTH
                    Acting Assistant Attorney General

                    PATRICIA M. McCARTHY
                    Director

                    <u>s/ Franklin E. White, Jr.</u>
                    FRANKLIN E. WHITE, JR.
                    Assistant Director

                    <u>s/ Amanda L. Tantum</u>
                    AMANDA L. TANTUM
                    EMMA E. BOND
                    Senior Trial Counsel
                    A. BONDURANT ELEY
                    Senior Litigation Counsel
                    JOSHUA W. MOORE
                    TATE N. WALKER
                    BRITTNEY M. WELCH
                    Trial Attorneys
                    Commercial Litigation Branch
                    Civil Division, Department of Justice
                    P.O. Box 480, Ben Franklin Station
                    Washington, D.C. 20044
                    Telephone: (202) 616-8131
                    E-mail: amanda.tantum@usdoj.gov

April 2, 2025                  Attorneys for Defendant