## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **ANAHEIM GARDENS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | No. 93-655 |
| ) | (Judge David A. Tapp) |
| **THE UNITED STATES,** ) | |
| ) | |
| **Defendant.** ) | |

## FIRST WAVE PLAINTIFFS' REPLY
## IN SUPPORT OF MOTION FOR LEAVE (ECF NO. 824)

First Wave Plaintiffs ("FWPs"), by and through counsel, hereby reply to the opposition (ECF No. 826) of the United States to FWPs' motion for leave (ECF No. 824) (the "Motion").

## **ARGUMENT**

In its opposition (ECF No. 826), the United States does not directly address *any* of the multiple reasons showing good cause for FWPs' Motion. Rather than provide meritorious grounds in opposition to the FWPs' request for leave to file a reply brief – because the United States does not have good grounds to deny that request – the United States attempts to take another bite at the apple to argue about the merits of FWPs' Motion for Reconsideration (ECF No. 818), in what is essentially an improper second brief opposing reconsideration. The United States repeats arguments and quotes from its response to FWPs' Motion for Reconsideration, inviting the Court to prejudge the merits of FWPs' Motion for Reconsideration in favor of the United States, without the benefit of a reply from FWPs. Doing so would exacerbate manifest injustice to FWPs, while further impairing trial preparation for Second Wave Plaintiffs ("SWPs").

The United States concedes that reconsideration is appropriate when there is "a need to correct legal and factual errors" or "prevent manifest injustice." *See* ECF No. 826 at 1-2 (citing *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016)).  The United States also concedes that FWPs identified legal and factual issues that FWPs argued were erroneously resolved and should be corrected by the Court to avoid manifest injustice.  *See id.* at 2 (citing ECF No. 818 at 1, 10, & 37).  Thus, if FWPs are correct about those errors or resulting manifest injustice, their Motion for Reconsideration provides a valid basis for this Court to reconsider its Post-Trial Opinion and Order (ECF No. 809).

Indeed, the Court has already previously permitted replies and granted motions for reconsideration in this case under similar circumstances, based on clear errors of law and fact in prior opinions and orders.  *See, e.g.*, ECF Nos. 316, 318, 319.  The United States does not dispute that.

Of course, the United States opposes FWPs' Motion for Reconsideration, but that alone is not a valid reason to deny FWPs an opportunity for a reply.  Instead, FWPs should be given an opportunity to explain why the United States is wrong in its opposition, especially in light of the importance of the Post-Trial Opinion and Order to FWPs and future proceedings in this Court for the SWPs.  A reply is essential here to clarify and rebut issues raised in the opposition of the United States to the Motion for Reconsideration, and the opposition of the United States to the present Motion offers no reason to deny FWPs, as the party with the burden of proof, the opportunity to file a reply.  After FWPs file a reply in support of their Motion for Reconsideration, without any undue prejudice to the United States, the Court can then determine the merits of FWPs' Motion for Reconsideration.

## **CONCLUSION**

For these reasons and those stated in FWPs' Motion (ECF No. 824), the Court should permit FWPs to file a reply in support of their Motion for Reconsideration (ECF No. 818).

Dated: April 3, 2025                              Respectfully submitted,


                                                             /s/ Harry J. Kelly
                                                             Harry J. Kelly
                                                             NIXON PEABODY LLP
                                                             799 9th Street N.W., Suite 500
                                                             Washington, D.C. 20001
                                                             (202) 585-8000
                                                             hkelly@nixonpeabody.com

                                                             Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Motion to be filed electronically with the Clerk of Court using the CM/ECF system on this 3rd day of April 2025, which will then send a notification of such filing (NEF) to the following recipients:

>AMANDA L. TANTUM
>Senior Trial Counsel
>Commercial Litigation Branch
>Civil Division
>Department of Justice
>Ben Franklin Station
>P.O. Box 480
>Washington, D.C. 20044
>amanda.tantum@usdoj.gov

/s/ Harry J. Kelly
Harry J. Kelly