No. 93-655C
(Judge Tapp)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ANAHEIM GARDENS, *et al.*,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO ITS MOTION TO STRIKE INADMISSIBLE EVIDENCE

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

AMANDA L. TANTUM
EMMA E. BOND
Senior Trial Counsel
A. BONDURANT ELEY
Senior Litigation Counsel
JOSHUA W. MOORE
TATE N. WALKER
BRITTNEY M. WELCH
Trial Attorneys
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-8131
E-mail: amanda.tantum@usdoj.gov
Attorneys for Defendant

June 18, 2025

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION………………………………………………………………………..1

ARGUMENT……………………………………..……………………………………3

I.     Plaintiffs' Procedural Objection To The Motion To Strike Has No Merit…………………3

II.    John Wall Lacks Personal Knowledge Of The Matters He Asserts In Paragraphs 5, 6, 7, 8, And A Portion Of Paragraph 12 Of His Declaration And Those Portions Of His Declaration Are Inadmissible Under Federal Rules Of Evidence 602 And 701……………5

III.   Plaintiffs' Various Attempts To Salvage Mr. Wall's Declaration Are Without Merit….....7

     A.    Rule 406 Does Not Apply…………………………………………………....8

     B.    This Court Should Reject Mr. Wall's Attempt To Offer Hearsay…………………..8

     C.    Mr. Wall's Testimony Is Inadmissible Even If It Could Be "Confirmed By Other Admissible Evidence" As Plaintiffs Allege…………………………….…9

CONCLUSION……………………………………………………………………………11

i

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Alvarez v. CSX Corp., Inc.,*
No. 2:10–CV–80–PRC, 2013 WL 1870578 (N.D. Ind. May 2, 2013) ...........................................3

*Cox v. Amerigas Propane, Inc.,*
No. CV–04–101–PHX–SMM, 2005 WL 2886022 (D. Az. Oct. 28, 2005)...................................3

*Fletcher v. Davis*,
Civil Action H-16-0617, 2017 WL 1037296 (S. D. Tex (Mar. 17, 2017) .....................................7

*Jarman v. Am. Fam. Ins. Co.*,
No. CV-18-00526-PHX-SMB, 2020 WL 7013957 (D. Az. July 10, 2020) ..................................7

*Pandrol USA, LP v. Airboss Ry. Prods., Inc.*,
320 F.3d 1354 (Fed. Cir. 2003)....................................................................................................9

*Payne v. Pauley*,
337 F.3d 767 (7th Cir. 2003) ...................................................................................................6, 7

*Silver State Solar Panel S., LLC v. United States*,
No. 18-266T, 2020 WL 6139865 (Fed. Cl. Oct. 19, 2020) ...........................................................5

*Stanley v. BP Prods. N. Am., Inc.*, Case
No. 15–cv–2347, 2018 WL 1182522 (N.D. Ohio Mar. 7, 2018)...................................................3

*Steen v. Myers*,
486 F.3d 1017 (7th Cir. 2007) ...................................................................................................10

*Strong v. Valdez Fine Foods*,
724 F.3d 1042 (9th Cir. 2013) .....................................................................................................5

*United States v. Espino*,
317 F.3d 788 (8th Cir. 2003) .......................................................................................................7

*United States v. Garcia,*
    413 F.3d 201 (2d Cir. 2005) ................................................................................ 5

*United States v. Mendiola,*
    707 F.3d 735 (7th Cir. 2013) .............................................................................. 6

*United States v. Munoz-Franco,*
    487 F.3d 25 (1st Cir. 2007) ................................................................................ 6

*Visser v. Packer Eng'g Assoc.,*
    924 F.2d 655 (7th Cir.1991) (*en banc*) ............................................................. 7

*Wanamaker v. Town of Westport Bd. of Educ.,*
    No. 3:11cv1791(MPS)(WIG), 2013 WL 3816592 (D. Conn. Jul. 22, 2013) ................. 3

**Other Authorities**

Black's Law Dictionary (12th ed. 2024) .................................................................. 4

Fed. R. Evid. 701 advisory committee's note to 1972 proposed rule ........................... 5, 6

**Rules**

Fed. R. Evid. 406 ................................................................................................ 8

Fed. R. Evid. 602 ............................................................................................. 1, 2

Fed. R. Evid. 701 ...................................................................................... 1, 2, 5, 8, 9

Fed. R. Evid. 801 ............................................................................................. 2, 9

Fed. R. Evid. 901(b)(5) ....................................................................................... 6

RCFC 7 ............................................................................................................. 3

RCFC 7(b)(1) ..................................................................................................... 3

Rule 7.2(b) ........................................................................................................ 1

RCFC 56(c)(2) ................................................................................................ 3, 4

RCFC 56(c)(4)...................................................................................................... 1, 2, 7

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ANAHEIM GARDENS, *et al.*,           )
                                     )
            Plaintiffs,              )
                                     )     No. 93-655C
                                     )     (Judge Tapp)
                                     )
THE UNITED STATES,                   )
                                     )
            Defendant.               )

## DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE
## TO ITS MOTION TO STRIKE INADMISSIBLE EVIDENCE

Pursuant to Rule 7.2(b) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, hereby respectfully submits this reply to plaintiffs' response to its motion to strike portions of the appendix and brief submitted by plaintiffs in connection with their response to the Government's motion for summary judgment.

## <u>INTRODUCTION</u>

Federal Rule of Evidence 701 provides, in relevant part, that "if a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is . . . rationally based on the witness's perception[.]"  Fed. R. Evid. 701.  Relatedly, Rule 602 requires that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  And RCFC 56(c) provides that "[a]n affidavit or declaration used to support or oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  RCFC 56(c)(4).

In our opening brief, we demonstrated that these three rules collectively require the exclusion or disregard of (1) certain portions of the declaration of John Wall, which plaintiffs have

offered in support of their opposition to the Government's motion for summary judgment as to the claims of Glenview Gardens Limited Partnership (GGLP) and Indian Head Manor Limited Partnership I (IHMLP), and, by extension, (2) the associated arguments that plaintiffs have advanced in their summary judgment response brief.

In his declaration, Mr. Wall advances a series of claims regarding the partnerships' expectations at the time that Glenview Gardens Apartments and Indian Head Manor Apartments were developed, culminating in an assertion that prepayment of the HUD-insured mortgages on the properties was "originally intended." PA012-13 (Wall Decl. ¶¶ 5, 8, 12).[1]  Separately, Mr. Wall makes representations concerning the partnerships' expectations at the time that the partnerships encumbered the properties in 1983 and 1984 with notes insured by the Maryland Community Development Administration (Maryland CDA).  PA012 (Wall Decl. ¶¶ 6, 7).  However, as we demonstrated in our opening brief, both the original development of the properties and the decisions to take out Maryland CDA loans occurred at times when Mr. Wall was not employed by the partnerships, and he had no personal involvement in those events.  *See* A13-14, A19-20, PA010.

In light of these considerations, we established that Mr. Wall lacks personal knowledge under Fed. R. Evid. 602 and 701 of the matters asserted in those portions of his declaration, and that he was likely functioning as a conduit for inadmissible hearsay.  Fed. R. Evid. 801.  By extension, Mr. Wall's declaration does not comply with RCFC 56(c)(4), and plaintiffs cannot rely upon it to oppose our motion for summary judgment.  Plaintiffs' response to our motion to strike offers no substantive reason to revisit this conclusion, and, if anything, reinforces that the

---

[1] "PA___" is a reference to the appendix filed with plaintiffs' response to our motion for summary judgment.  "A___" is a reference to the appendix filed with our motion to strike.

testimony and associated argument should be stricken or otherwise disregarded.

## I.  <u>Plaintiffs' Procedural Objection To The Motion To Strike Has No Merit</u>

Plaintiffs open their brief by urging the Court not to consider the Government's motion, because the Government filed a motion separate and apart from its summary judgment reply brief to address evidentiary issues, and styled its request for relief, in part, as a request to "strike." *See* Pl. Resp. at 3-5. This contention has no merit.

First, although courts differ in their preferences, as the case law cited by plaintiffs reflects, filing a summary judgment brief and a separate motion to strike to address evidentiary issues is neither unheard of nor prohibited. *See, e.g., Stanley v. BP Prods. N. Am., Inc.*, No. 15–cv–2347, 2018 WL 1182522 (N.D. Ohio Mar. 7, 2018), *Wanamaker v. Town of Westport Bd. of Educ.,* No. 3:11cv1791(MPS)(WIG), 2013 WL 3816592 (D. Conn. Jul. 22, 2013), *Alvarez v. CSX Corp., Inc.,* No. 2:10–CV–80–PRC, 2013 WL 1870578 (N.D. Ind. May 2, 2013), *Cox v. Amerigas Propane, Inc.,* No. CV–04–101–PHX–SMM, 2005 WL 2886022 (D. Az. Oct. 28, 2005).

Second, we have made a timely and appropriate objection to plaintiffs' attempted use of inadmissible evidence in their summary judgment filing. RCFC 7(b)(1) provides that "[a] request for a court order must be made by motion" that "state[s] the relief sought[,]" RCFC 7(b)(1), and RCFC 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact [asserted in summary judgment briefing] cannot be presented in a form that would be admissible in evidence." RCFC 56(c)(2). We specifically identified both RCFC 7 and RCFC 56(c)(2) as the bases for our motion, *see* Mot. at 1, 2, and we made clear that the relief that we seek is that the Court strike or otherwise disregard the portions of Mr. Wall's declaration, and plaintiffs'

3

associated arguments, that do not comply with RCFC 56(c)(4).  *Id.* at 1, 7, 8, 9.[2]  Moreover, the word "strike" also has a well-established meaning in the law, and it is not necessarily limited to pleadings, as plaintiffs contend.  It means "[t]o expunge, as from a record <motion to strike the prejudicial evidence>."  *Strike*, Black's Law Dictionary (12th ed. 2024).  We are asking that the inadmissible evidence be expunged or otherwise disregarded.

Third, contrary to plaintiffs' contentions, we are not required to come forward with facts contradicting the inadmissible testimony offered by Mr. Wall in order to obtain relief, Pl. Resp. at 4, nor are we required to "explain how the relief requested in [our] motion [to strike] would impact the Court's resolution of the motion for summary judgment."  *Id.* at 5.  In order to show that portions of Mr. Wall's declaration cannot be legally cognizable evidence in this case, we need only show that Mr. Wall's declaration does not comply with the Federal Rules of Evidence.  That is exactly what we have shown.

The bottom line is that plaintiffs have presented inadmissible evidence in support of their response to the Government's motion for summary judgment, and the Government has objected to it as it has a right to do under RCFC 56(c)(2).  We defer to the Court as to whether the inadmissible portions of plaintiffs' brief and appendix should be ignored or expunged, so long as they are not relied upon for any purpose in connection with summary judgment briefing practice.  However, there is no legitimate reason why the Court should decline to consider this request because we did not present the request in the form that plaintiffs preferred, but that is not required under the law.

---

[2] Had we not filed a separate motion addressing these evidentiary issues, and simply raised them in our reply brief as plaintiffs prefer, plaintiffs would have had no procedural right to respond to our summary judgment reply brief, and it is reasonably clear that proceedings would have thereafter been protracted by requests by one or both parties to file sur-replies or sur-sur-replies.

4

II.    **John Wall Lacks Personal Knowledge Of The Matters He Asserts In Paragraphs 5, 6, 7, 8, And A Portion Of Paragraph 12 Of His Declaration And Those Portions Of His Declaration Are Inadmissible Under Federal Rules Of Evidence 602 And 701**

In our moving brief, we demonstrated that both Glenview Gardens Apartments and Indian Head Manor Apartments were developed before Mr. Wall began working at Mid-City Developers, and that he did not work either project.  A13-14, A19-20.  As a consequence, Mr. Wall's various pronouncements regarding the partnerships' expectations and intentions, to include an assertion that both partnerships invested originally with an intent to prepay their HUD-insured mortgages, are not based on personal knowledge within the meaning of Fed. R. Evid. 701.  Similarly, we demonstrated that Glenview Gardens Apartments and Indian Head Manor Apartments took out Maryland CDA loans *eight years before* Mr. Wall actually became involved with the properties, such that his assertions concerning the partnerships' intentions and expectations at the time that they took out the loans are also not based on personal knowledge within the meaning of Fed. R. Evid. 701.  *See* PA10-11 (notes taken out in 1983 and 1984; Wall did not work for Mid-City between 1976 and 1991).

Our objections are well-founded.  In relevant part, Rule 701 limits the testimony of lay witnesses to testimony that is "rationally based on the witness's perception."  Fed. R. Evid. 701. The advisory committee notes explain that this requirement, which has been in the rule since it was enacted, is "the familiar requirement of *first-hand* knowledge or observation."  Fed. R. Evid. 701 advisory committee's note to 1972 proposed rule (emphasis added).  All of the cases that plaintiffs cite uniformly acknowledge and apply this proposition.[3]

---

[3] *See Silver State Solar Panel S., LLC v. United States,* No. 18-266T, 2020 WL 6139865, at * 2 (Fed. Cl. Oct. 19, 2020) (citing *United States v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005), for the proposition that "*eyewitnesses*" may testify to their "personal perceptions in the form of inferences or conclusory opinions") (emphasis added); *Strong v. Valdez Fine Foods*, 724 F.3d

Plaintiffs, however, devote page upon page to arguing that Mr. Wall has literally everything *except for first-hand knowledge or observation* of GGLP and IHMLP during the relevant time periods. *See* Pl. Resp. at 6-14.  Plaintiffs offer that Mr. Wall is so experienced in low income housing in general that he "did not *need to be directly involved* in the development of Glenview Gardens and Indian Head Manor" to be able to tell the court what those partnerships intended in years when he had no actual involvement with them.  *Id.* at 9 (emphasis added).  Similarly, plaintiffs argue that "[a]lthough Mr. Wall was not present in 1983 or 1984 for the execution of those purchase money notes, he has sufficient personal knowledge about them from his experience in the industry and his first-hand experience dealing with the makers and holders of those notes in the 1990s to state his opinion and make reasonable inferences about the original expectations of the parties to those notes."  *Id.* at 12.  Mr. Wall even volunteers a completely new declaration, wherein he doubles down on the concept that his work experience allows him to form a "perception or understanding" of what the intentions of GGLP and IHMLP were at points in time when he had no involvement with them.  *See* ECF 847-1, Decl. of John Wall, June 12, 2025, ¶¶ 4, 5 [hereinafter "New Wall Decl."].

None of this is actually based on "*first-hand knowledge or observation"* of GGLP and IHMLP's decisionmaking processes prior to 1971, and then in 1983 and 1984, which is what is Rule 701 requires.  Fed. R. Evid. 701 advisory committee's note to 1972 proposed rule (emphasis

---

1042, 1045 (9th Cir. 2013) (witness was "'*present*" while the measuring took place and knew which tools were used) (emphasis added); *United States v. Mendiola*, 707 F.3d 735, 740-41 (7th Cir. 2013) (witness "*herself listened to* both the recorded conversations and the exemplar recording, and . . . met the 'minimal familiarity test' for voice identification under Federal Rule of Evidence 901(b)(5)") (emphasis added), *United States v. Munoz-Franco*, 487 F.3d 25, 35-36 (1st Cit. 2007) (witness permitted to testify as to banking business practices at the time that he worked there); *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) ("grounded in *observation or other first-hand personal experience"*) (emphasis added).

added).  In fact, witness testimony regarding the purported intentions of others – which is what Mr. Wall is offering the Court – is the *quintessential example of testimony that is excluded under the rule. See, e.g.*, *Fletcher v. Davis*, Civil Action H-16-0617, 2017 WL 1037296, at *5 (S. D. Tex (Mar. 17, 2017) ("[T]he testimony of any witness regarding state of mind of another is pure speculation and, therefore, incompetent.") (citation omitted), *Jarman v. Am. Fam. Ins. Co.*, No. CV-18-00526-PHX-SMB, 2020 WL 7013957, at *2 (D. Az. July 10, 2020) (citing Rule 602 and 701 for the proposition that "Dr. Vishteh's attribution of intent to AmFam's alleged delayed approval of medical treatment, . . .  is not appropriate lay opinion testimony and is speculative.").

Moreover, "although personal knowledge may include reasonable inferences, those inferences must be 'grounded in observation or other first-hand personal experience.'  They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience."  *Payne*, 337 F.3d at 772 (quoting *Visser v. Packer Eng'g Assoc.,* 924 F.2d 655, 659 (7th Cir. 1991) (*en banc*); *see also United States v. Espino*, 317 F.3d 788, 797 (8th Cir. 2003) ("Rule 701 permits lay opinion testimony if it is based on 'relevant historical or narrative facts that the witness has *perceived*[.]'") (emphasis added).  Mr. Wall did not observe or have any first-hand personal experience with the development of Glenview Gardens Apartments and Indian Head Manor Apartments or with the process of encumbering the properties with Maryland CDA loans. He was nowhere near these events, because he did not even work for Mid-City at the time.  Thus, Mr. Wall's testimony on these points is inadmissible under Rule 701, and it cannot support any part of plaintiffs' summary judgment brief.  RCFC 56(c)(4).

## III.    Plaintiffs' Various Attempts To Salvage Mr. Wall's Declaration Are Without Merit

Unable to bring Mr. Wall's challenged testimony within the ambit of Fed. R. Evid. 701, plaintiffs make a grab bag of arguments in an attempt to justify their use of it.  None of these

arguments has merit, and some of them actually make plaintiffs' position worse, reinforcing that paragraphs 5, 6, 7, 8, and Mr. Wall's assertion that prepayment was "originally intended" in paragraph 12, have no legitimate role to play in this case.

### A.    Rule 406 Does Not Apply

First, the challenged portions of Mr. Wall's declaration are not salvaged by plaintiffs' attempted invocation of Fed. R. Evid. 406, which permits witnesses to testify regarding the routine practice of organizations.  Fed. R. Evid. 406.  Even if Mr. Wall could offer evidence on the "'routine practice' of Mid-City and Eugene Ford," as plaintiffs assert, *see* Pl. Resp. at 9 & n.9, none of the challenged portions of his declaration contain any information about the routine practice of Mid-City and Mr. Ford.  *See* PA012-13.  Instead, Mr. Wall makes direct representations as to what the separate GGLP and IHMLP partnerships – which were comprised of investors in addition to just Mid-City – supposedly intended at particular points in time when he had no involvement with them, and the declaration misleadingly presents that information as something that he actually knows.  *See id.*  Rule 406 has no applicability to this situation.

### B.    This Court Should Reject Mr. Wall's Attempt To Offer Hearsay

Second, in their attempt to suggest that Mr. Wall has "personal knowledge" within the meaning of Rule 701, plaintiffs entirely confirm our suspicions that they intend for Mr. Wall to be a conduit for hearsay, compounding the inadmissibility of the challenged portions of his declaration.  In the new declaration that Mr. Wall submits in response to our motion to strike, he now asserts that he had "numerous interactions" with the general and limited partners in GGLP and IHMLP after he returned to Mid-City in 1991, and that the individual partners "were upset and frustrated that they could not prepay their original mortgage notes under the Section 221(d)(3) and Section 236 programs because of the Preservation Statutes."  New Wall Decl. ¶ 5.  This is still not

8

the first-hand observation or knowledge of the GGLP and IHMLP's decisionmaking, which occurred in the late 1960s and early 1970s, that is required for Mr. Wall's testimony to qualify for admission under Rule 701. Rather, Mr. Wall is simply attempting to convey statements that out-of-court declarants supposedly made to him in the 1990s to suggest what their intentions in the 1960s and 1970s were. It is hearsay, *see* Fed. R. Evid. 801, and just as inadmissible as the challenged portions of his original declaration.

### C.    Mr. Wall's Testimony Is Inadmissible Even If It Could Be "Confirmed By Other Admissible Evidence" As Plaintiffs Allege

Plaintiffs next contend that the challenged portions of Mr. Wall's declaration are admissible because his claims can be confirmed by "[a]dmissible documents[,]" Pl. Resp. at 14, and they argue at length that the HUD-insured mortgage notes, the regulatory agreements, logic, the Federal Circuit's decision in *Cienega Gardens*, the Maryland CDA materials (mortgage notes, regulatory agreements, and purchase money notes), corroborate Mr. Wall's assertions *Id.* at 14-17. There are a number of fatal flaws in these arguments.

First, they entirely miss the mark. Admissibility under Rule 701 turns on whether *the witness* has had an opportunity to observe or participate in the matters to which he is attempting to testify, not on whether it is possible to corroborate his testimony by reference to external sources. *See* Fed. R. Evid. 701. As such, plaintiffs have offered no reason why the challenged portions of Mr. Wall's declaration should not be stricken or otherwise disregarded, as we have requested.

Second, plaintiffs should not be heard to now substantively re-write their response to the Government's motion for summary judgment. They did not make any of the arguments that appear in this portion of their motion to strike in their summary judgment response, *see generally* ECF No. 839, and they are now waived. *See Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354,

9

1366-67 (Fed. Cir. 2003) (establishing that a non-movant must make any arguments it has regarding liability in response to a motion for summary judgment, or those arguments are waived) (citation and quotation omitted); *see also Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (internal quotation omitted) (explaining that "summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events").

Third, the documents that plaintiffs cite do not supply the corroboration for Mr. Wall's challenged testimony that they suppose. That the HUD-insured mortgages contained an *option* to prepay the mortgage in 20 years, for example, does not mean that GGLP and IHMLP actually intended to exercise that option at the time that they made their investments. Indeed, that GGLP and IHMLP took out purchase money notes in 1983 and 1984 that were due to be paid in 1994 and 1998 actually undercuts plaintiffs' claim that they intended to prepay at the 20-year mark. The prepayment eligibility dates for Glenview Gardens and Indian Head Manor were September 21, 1970, and February 25, 1990, A138, respectively. A8, A136. Furthermore, if the Federal Circuit's holdings in *Cienega VIII* and *Cienega IX* as to whether those particular plaintiffs anticipated the Preservation Statutes proved the expectations of GGLP and IHMLP as plaintiffs assert, Pl. Resp. at 16, then plaintiffs would have cited those decisions in their response to the Government's motion for summary judgment, rather than relying upon a declaration from Mr. Wall. They did not do so.

Plaintiffs conclude by stating that striking or disregarding the challenged portions or Mr. Wall's May 12 declaration "would have no material effect on the resolution of the motion for summary judgment" and they urge that our motion to strike is "a waste of party or judicial resources." Pl. Resp. at 17. This cannot be squared with the fact that (1) plaintiffs put great effort into assembling Mr. Wall's declaration in the first place, (2) repeatedly cited it in their summary

10

judgment brief, and (3) emphatically refused to withdraw it when we approached them in an attempt to avoid precisely this motions practice.

The parties were unable to resolve this issue with a simple meet and confer, because the core issue presented here actually goes to the heart of plaintiffs' case, not just for GGLP and IHMLP, but for other partnerships for whom plaintiffs intend to present John Wall as a spokesperson at trial. Plaintiffs intend to rely upon Mr. Wall at trial to establish that prepayment was originally intended for all of these partnerships, and to meet their burden of proving the partnerships' investment-backed expectations. *See* Pl. Resp. at 1 n.1. However, as we have demonstrated in our briefing, plaintiffs have no direct proof of this. Their case depends on inadmissible evidence, offered through an individual that actually lacks personal knowledge within the meaning of the Federal Rules of Evidence, and they are hoping that the Government and the Court will not notice. If we did not object to plaintiffs' use of inadmissible evidence on summary judgment at this juncture, we have no doubt that they would later claim that we had waived any objection as these cases proceed to trial. Plaintiffs refused to withdraw the challenged portions of Mr. Wall's declarations, because their case depends on maintaining the fiction that Mr. Wall has the requisite degree of knowledge to prove the reasonable investment backed expectations of the partnerships. As we have laid bare here, he does not.

As such, the Court should strike or otherwise disregard paragraphs 5, 6, 7, and 8, and the identified portion of paragraph 12 of the declaration of John Wall, and the associated portions of plaintiffs' summary judgment response brief.

## **CONCLUSION**

For the foregoing reasons, we respectfully request that the Court grant this motion to strike or otherwise disregard paragraphs 5, 6, 7, and 8, and the identified portion of paragraph 12 of the

11

declaration of John Wall, and the associated portions of plaintiffs' summary judgment response brief.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Amanda L. Tantum by s/ A. Bondurant Eley
AMANDA L. TANTUM
EMMA E. BOND
Senior Trial Counsel
A. BONDURANT ELEY
Senior Litigation Counsel
JOSHUA W. MOORE
TATE N. WALKER
BRITTNEY M. WELCH
Trial Attorneys
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-8131
E-mail: Amanda.Tantum@usdoj.gov

Attorneys for Defendant

June 18, 2025