**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ANAHEIM GARDENS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 93-655C |
| | ) (Judge Tapp) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**JOINT STATUS REPORT**

Pursuant to the Court's July 10, 2025 status report order, plaintiffs, Anaheim Gardens, *et al.* (specifically, the Second-Wave Plaintiffs (SWPs)), and defendant, the United States, respectfully provide the following joint status report regarding the parties' proposed plan for trial in this matter and the parties' discussion of the Court's proposal regarding a Court-appointed expert.

**I.      The Parties' Proposal Regarding A Plan For Trial And Pre-Trial Activities**

    **A.      The Parties' Proposed Expert Discovery Schedule**

During the July 10, 2025 hearing, plaintiffs' counsel proposed that the Court set a deadline for the exchange of expert disclosures on the date 30 days after the Court issues its decision on plaintiffs' Motion for Reconsideration (ECF No. 818) of the decision on First Wave Plaintiffs' (FWPs) claims. The parties propose the following schedule for expert discovery:

| | |
|---|---|
| Exchange of affirmative expert reports | 30 days after the Court's decision on FWPs' motion for reconsideration |
| Exchange of rebuttal expert reports | 60 days after the exchange of affirmative expert reports |
| Close of expert discovery | 30 days after the exchange of |

| | rebuttal expert reports |
|---|---|

## B.  The Parties' Proposed Pre-Trial Schedule

SWPs and the United States hereby respectfully and jointly propose the following pretrial deadlines which follow the structure of the Court's standing order and which mirrors, in many respects, the previous pre-trial schedule in the Court's April 18, 2025 order.  ECF Nos. 794, 835. Because there is sufficient time between now and a spring 2026 trial start date, the parties have spaced certain pre-trial activities and deadlines at longer intervals than the previous pre-trial schedule did.  The parties have created this schedule with the understanding that expert discovery – which is keyed to the Court's decision on plaintiffs' motion for reconsideration – will conclude by the end of 2025.  At a minimum, for the parties to maintain the schedule proposed below, the parties must complete expert discovery by February 18, 2026.

The parties request that the Court issue an order setting the following pretrial deadlines, with the understanding that expert discovery will be completed by the end of 2025.  Assuming a May 4, 2026 trial date, the parties propose the following schedule:

| | |
|---|---|
| Initial meeting of counsel to exchange exhibit and witness lists, identify deposition transcripts, and establish stipulations of agreed facts (112 days before trial) (previously 90 days before trial) | January 12, 2026 |
| Initial Pre-trial Conference (109 days before trial) (previously 87 days before trial) | January 15, 2026 |
| Deadline for Filing Witness Lists and Exhibit Lists (101 days before trial) (previously 84 days before trial) | January 23, 2026 |
| Deadline for Filing Objections to Witness and Exhibit Lists (87 days before trial) (previously 70 days before trial) | February 6, 2026 |
| Deadline for Filing Replies to Objections to Exhibit and Witness Lists (80 days before trial) (previously 56 days before trial) | February 13, 2026 |
| Deadline for Filing Motions *in Limine* (73 days before trial) (previously 49 days before trial) | February 20, 2026 |
| Deadline for Filing Pretrial Memoranda (66 days before trial) (previously 42 days before trial) | February 27, 2026 |

4920-4836-9496.1

| | |
|---|---|
| Deadline for Filing Responses to Motions *in Limine* (59 days before trial) (previously 35 days before trial) | March 6, 2026 |
| Deadline for Filing Replies to Motions *in Limine* (52 days before trial) (previously 28 days before trial) | March 13, 2026 |
| Meeting of Counsel (38 days before trial) (previously 24 days before trial) | March 27, 2026 |
| Deadline for Filing Joint Exhibit List, Joint Stipulation of Facts, and Joint Statement of Good Faith (31 days before trial) (previously 21 days before trial, now 31 because 30 would fall on a Saturday) | April 3, 2026 |
| Pre-Trial Conference (14 days before trial) | April 20, 2026 |
| Deadline for Filing Each Party's Order of Witnesses (5 days before trial) (previously 3 days before trial, which would always fall on a Friday) | April 29, 2026 |
| Trial begins | May 4, 2026 |

### B. The Parties' Proposed Plan For Trial

Based on discussions with the Court at status conferences and during the July 10, 2025 hearing on defendant's motions for summary judgment, the parties propose that the Court hold trial in six phases, corresponding to specific groups of SWPs' claims, with two-week breaks between those phases. During each phase, SWPs' witnesses would provide testimony on the claims of the specific plaintiffs (and their properties) at issue, followed by testimony from the United States' witnesses relevant to those claims. Plaintiffs would present rebuttal testimony concerning the SWPs or properties during that phase. At the end of the final phase, the United States may present testimony that is not specific to a particular plaintiff or property and that will pertain to issues on which the defendant has the burden of proof, such as generally applicable testimony about HUD programs.

During the July 10 hearing, the Court suggested that trial could begin early in May 2026. The Court also indicated, however, that it would be unavailable from mid-May to mid-June 2026. The parties are amenable to starting trial on or about May 4, 2026 or June 15, 2026, at the Court's preference.

These proposed phases and corresponding plaintiff groups are as follows:

**Phase 1 (10 SWPs)**

    5324 Foothill Apartments, GP
    Metro West, LP
    825 San Tomas Apartments, LP
    Sierra Vista One, LP
    Thetford Properties III, LP (Beaumont Avenue)
    Thetford Properties IV, LP (Jefferson Court)
    Thetford Properties IV, LP (Glendale Court)
    Thetford Properties IV, LP (Market North I)
    Thetford Properties III, LP (Coleridge Road)
    Thetford Properties IV, LP (Johnson Court)

**[TWO WEEK BREAK]**

**Phase 2 (9 SWPs)**

    Algonquin Heights Associates
    Tower West Associates, LP and Tower West, Inc.
    Fort Heath Associates
    The Palomar Apartments, LP
    Brandy Hill Company
    Cromwell Court Company
    King's Grant Company
    Riverside Village Company
    Pine Crest Company

**[TWO WEEK BREAK]**

**Phase 3 (9 SWPs)**

    Napa Park Apartments, LP
    Suburbia Associates, LP
    Ontario Townhouses, LP
    Glenview Gardens Limited Partnership
    Indian Head Manor Limited Partnership I
    Millwood Townhouses Associates, LP
    Thetford Properties III, LP (Millbank Court)
    Thetford Properties III, LP (Raleigh North)
    Thetford Properties III, LP (Tucker Street)

**[TWO WEEK BREAK]**

**Phase 4 (11 SWPs)**

    B-L Associates, LP

    C-W Associates, LP
    Briar Crest, GP
    Briar Crest Apartments II, LP
    Briar Hills, LP
    Leader House Associates and Leader Housing Co., Inc.
    New Amsterdam Associates and New Amsterdam Houses, Inc.
    Garrison Forest Associates I, LP
    Garrison Forest Associates II, LP
    Town & Country Apartments & Townhouses I, LP
    Town & Country Apartments & Townhouses II, LP

**[TWO WEEK BREAK]**

**Phase 5 (12 SWPs)**

    Thetford Properties III, LP (River Falls)
    Thetford Properties III, LP (Oakwood Avenue)
    Thetford Properties III, LP (Henry Street)
    Thetford Properties III, LP (Holloway Court)
    Thetford Properties IV, LP (Southgate)
    Cambridge Square North Associates, LP
    Cambridge Square of Fort Wayne Associates I, LP
    Carriage House North Associates, LP
    Carriage House of Mishawaka Associates II, LP
    Carriage House West IV Associates, LP
    Cambridge Square of Grand Rapids Associates I, LP
    Cambridge Square of Grand Rapids Associates II, LP

**[TWO WEEK BREAK]**

**Phase 6 (12 SWPs)**

    Forest Glen Limited Housing Dividend Association I
    Forest Glen Limited Housing Dividend Association II
    Brookside Manor Associates, LP
    First Landmark Associates, LP
    Kimberly Associates, LP
    Thetford Properties III, LP (Icemorelee)
    Thetford Properties III, LP (Young Avenue)
    Thetford Properties III, LP (Chowan Court)
    Thetford Properties IV, LP (Columbus Court)
    Thetford Properties IV, LP (Peachtree Court)
    Jodani Associates, LP
    Suehar Associates, LP

## II.     The Court's Proposal Regarding A Court-Appointed Expert

During the July 10 hearing, the Court announced it was considering appointing an expert to advise the Court on economic issues raised in connection with the parties' respective claims. The parties anticipate that if the Court decides to appoint an expert, it will follow the procedures set out in FRE 706. That rule provides broad guidance about the process for selecting a court-appointed expert and the role the expert may play, but leaves significant matters open, including

a) Rule 706(a) allows the parties to nominate experts but does not explain how the expert will actually be selected. For example, what criteria and qualifications should the expert possess?

b) What will the expert's role be? For example, will he/she simply provide a critique of the parties' expert reports, or will he/she attend the trial sessions and provide on-going written or oral guidance and commentary to the Court?

c) Rule 706(b) allows for the deposition and cross-examination of court-appointed experts. What arrangements will be made in this case, and should the expert's work product and deposition be factored into the expert discovery schedule?

d) How will the expert be compensated?

Rule 706(a) states that the Court "may order the parties to show cause why expert witnesses should not be appointed." The parties respectfully suggest that the Court issue such an order, discussing the proposed details of the expert's selection, role, scope of work, proposed compensation, and related topics, which would allow the parties to present more informed comments on the proposed expert.

The Government's Position:

4920-4836-9496.1

The Government provides the following position on the Court's proposal to appoint an expert, which is necessarily provided at a high level of generality, not knowing the contours of any specific proposal to appoint an expert. As noted above, we respectfully request the opportunity to respond to any such specific proposal as contemplated by the procedure in Rule 706.

Although the Court "has discretion 'in deciding whether to appoint a court appointed expert under Rule 706,' [it] should exercise caution and only appoint experts in 'rare instances'" and "under 'compelling circumstances.'" *Ryan v. Nagy*, No. 2:20-CV-11528, 2022 WL 21988830, at *6-7 (E.D. Mich. Oct. 11, 2022) (unpublished) (quoting *Anderson v. Furst*, No. 17-12676, 2020 WL 3412251, at *1 (E.D. Mich. June 22, 2020) (unpublished), and *Applegate v. Dobrovir, Oakes & Gebhardt*, 628 F. Supp. 378, 383 (D.D.C. 1985), *aff'd*, 809 F.2d 930 (D.C. Cir. 1987)).

No such compelling circumstances exist here. The parties have adequate resources to acquire expert opinion for use at trial. *Applegate*, 628 F. Supp. at 383. Further, the parties are in the process of obtaining analysis from their experts now. As the Court has noted, "[d]ivergence of opinions among the experts of the parties does not require that the court appoint experts to assist it in resolving such conflicts." *Georgia-Pac. Corp. v. United States*, 640 F.2d 328, 334 (Ct. Cl. 1980).

Moreover, it is the United States' understanding that, because this case involves a claim for just compensation under the Fifth Amendment, the Court could order the payment of the cost of a court-appointed expert "from any funds that are provided by law." Fed. R. Evid. 706(c)(1). Analyzing economic impact for all SWPs will be complex and time-consuming and, depending on the scope of the analysis performed by a court-appointed expert, the United States may face

7

extensive costs, in addition to the cost associated with its own expert – much of which has already been invested in the preparation of an affirmative expert report. Moreover, both parties would incur additional costs if they depose the court-appointed expert, take the expert's testimony, or cross-examine the expert. For these reasons, the parties believe that the Court should not appoint an expert.

If the Court were to appoint an expert, the United States takes the position that the parties should have greater access to the expert than the Court has previously discussed. The Court proposed, during the July 10 hearing, that it would appoint an expert that would not testify and would not be subject to cross-examination. Although Federal Rule of Evidence 706(a) states that the Court can appoint an expert, the rule requires that the expert advise the parties of his/her opinions and provides that the expert can be deposed by either party, can be called to testify at trial, and can be cross-examined by any party. *See* Fed. R. Evid. 706(a). Therefore, if the Court appoints an expert, the United States requests an opportunity to receive the court-appointed expert's opinions, question the expert, whether at a hearing or through testimony at trial, and cross-examine the expert – and for the parties' experts to have an opportunity to address the court-appointed expert's analysis. Additionally, due to the potential costs described above, the United States believes that, should the Court appoint an expert, the parties and the Court should discuss the scope of the analysis that would be performed by a court-appointed expert, as well as its cost.

Finally, if the Court decides to appoint an expert, the United States proposes that it contact the American Association for the Advancement of Science's Directorate for Science and Policy Programs – Court Appointed Scientific Experts (CASE) to determine if that entity can

4920-4836-9496.1

identify possible experts.  The United States proposes that the Court allow the parties to determine which of the possible experts is acceptable to both parties.

The Plaintiffs are unfamiliar with the operation of the CASE system and reserve comment on that issue but otherwise are in agreement with the foregoing statement of the Government's position.

|  |  |
|---|---|
|  | Respectfully submitted, |
| s/ Harry J. Kelly<br>Harry J. Kelly<br>NIXON PEABODY LLP<br>799 9th Street N.W., Suite 500<br>Washington, D.C. 20001<br>(202) 585-8000<br>hkelly@nixonpeabody.com<br><br>Attorneys for Plaintiffs | BRETT A. SHUMATE<br>Assistant Attorney General<br><br>PATRICIA M. McCARTHY<br>Director<br><br>s/ Franklin E. White, Jr. by s/ A. Bondurant Eley<br>FRANKLIN E. WHITE, JR.<br>Assistant Director<br><br>s/ Amanda L. Tantum<br>AMANDA L. TANTUM<br>EMMA E. BOND<br>Senior Trial Counsel<br>A. BONDURANT ELEY<br>Senior Litigation Counsel<br>TATE N. WALKER<br>JOSHUA W. MOORE<br>Trial Attorneys<br>Commercial Litigation Branch<br>Civil Division, Department of Justice<br>P.O. Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 616-8131<br>E-mail: amanda.tantum@usdoj.gov<br><br>Attorneys for Defendant |

July 25, 2025

4920-4836-9496.1