**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ANAHEIM GARDENS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 93-655C |
| ) | (Judge Tapp) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNOPPOSED MOTION FOR LEAVE TO FILE A CORRECTED VERSION OF EXPEDITED MOTION TO STAY DEADLINE FOR SUBMISSION OF EXPERT REBUTTAL REPORTS ON ECONOMIC IMPACT PENDING COMPLETION OF PLAINTIFFS' OPENING EXPERT REPORT**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, hereby respectfully requests leave of Court to file a corrected version of the United States's expedited motion to stay deadline for submission of expert rebuttal reports on economic impact filed yesterday evening, February 18, 2026. We propose to file the proposed corrected version of this motion that is attached to this filing as Exhibit A, along with the appendices that accompanied the original filing. Pursuant to RCFC 7.3(b), we certify that we have conferred in good faith with opposing counsel, and that this motion is unopposed.

We respectfully submit that good cause supports our request for leave to submit a corrected filing. In drafting the motion, counsel used a joint status report as a template. Upon reviewing our filing this morning, counsel noticed that a portion of the signature block from the joint signature block from the joint status report, which bears plaintiffs' counsel's name and electronic signature, was inadvertently left in the document. We seek leave of Court to delete that portion of the signature block lest it create the impression that our motion was actually signed by plaintiffs' counsel. We do not seek to make any other changes to the filing, aside from

designating it as a "corrected version" in its title. We apologize for this oversight, and any confusion it may have created.

    For the foregoing reasons, we request that the Court grant us leave to submit the corrected filing attached hereto as Exhibit A, along with the appendices previously filed.

    Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

<u>/s Amanda L. Tantum by</u>
<u>s/ A. Bondurant Eley</u>
AMANDA L. TANTUM
Senior Trial Counsel
A. BONDURANT ELEY
Senior Litigation Counsel
STEPHANIE FLEMING
TATE N. WALKER
Trial Attorneys
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-8131
E-mail: amanda.tantum@usdoj.gov

Attorneys for Defendant

February 19, 2026

# EXHIBIT A

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ANAHEIM GARDENS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 93-655C |
| ) | (Judge Tapp) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S CORRECTED UNOPPOSED EXPEDITED MOTION TO STAY DEADLINE FOR SUBMISSION OF EXPERT REBUTTAL REPORTS ON ECONOMIC IMPACT PENDING COMPLETION OF PLAINTIFFS' OPENING EXPERT REPORT

Pursuant to Rules 7(b) and 16(b) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, hereby respectfully requests that the Court stay the deadlines for submission of rebuttal expert reports on economic impact pending SWPs' completion of their opening expert report on economic impact, and the deadline for completing expert discovery in this case. Our rebuttal expert report on economic impact is otherwise due this Friday, February 20, 2026, and expert discovery is set to close March 19, 2026. Due to the rapidly approaching rebuttal report deadline, we further request expedited consideration. Counsel for the SWPs has indicated that SWPs will consent to or join a request to stay expert deadlines for the parties as to economic impact.

Expert reports were due in this matter on December 15, 2026. ECF No. 866 at 1. At this late date, two days before rebuttal expert reports are due, SWPs' report on economic impact and just compensation, which was materially supplemented and revised less than a week ago, on February 13, is still significantly incomplete; lacking supporting materials and workpapers consistent with the opinions stated in key areas. Further, SWPs have not provided a firm date by which additional supplements or corrections will be provided, and have advised their expert is

still "sourcing" some of the materials that he relied upon but did not produce. These errors and omissions have stymied review efforts by the Government's experts. Moreover, we have no confidence, despite having given SWPs every opportunity to work through this issue cooperatively, that the deficiencies that remain outstanding will be timely remedied. Accordingly, we have no choice but to seek relief from the Court and do so in expedited fashion.

We request that this Court stay the deadline to submit rebuttal reports regarding economic impact and just compensation, and the deadline to complete expert discovery, to be reset when SWPs' opening expert report on economic impact and just compensation is complete. *See Landis v. North Am. Co.,* 299 U.S. 248, 254-55 (1936) (explaining that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). This request does not implicate SWPs' separate expert report on investment backed expectations, and we anticipate no difficulty in rebutting that separate report by the existing court deadline.

On December 15, 2025, SWPs served the expert report of Dr. Stephen Roulac to address economic impact and just compensation. *See* Exhibit A. On December 19, 2026, following a preliminary review of the report and supporting documentation, Government counsel reached out to meet and confer with respect to several obvious deficiencies in Dr. Roulac's disclosure as follows, namely (1) Dr. Roulac's failure to provide basic information about his qualifications, publications, and experience as required by RCFC 26(a)(2)(B) (iv), (v), and, more seriously, (2) Dr. Roulac's failure to produce the workpapers and supporting schedules disclosing the calculations and inputs supporting the opinions in the report, as required by RCFC 26(a)(2)(B)(i). *See* Exhibit B. SWPs supplied the missing curriculum vitae and produced some workpapers by December 23, 2025.

As the Government's experts delved into Dr. Roulac's report and workpapers over the next month, they identified major deficiencies. Specifically, the ultimate opinions on economic impact and just compensation in Dr. Roulac's report were inconsistent with the supporting schedules in Dr. Roulac's workpapers for the vast majority of properties (54 out of 63), with the numbers in the workpapers differing from the numbers in the report by a factor of 10 percent or more for 49 out of the 54. *Compare*, *e.g.*, Exhibit A at 45 (entries for Jefferson Court, Forest Glen II & III, Briar Crest I, Forest Glen I, Young Avenue, and Millwood Associates), *with* Exhibits C, D, E, F, G, H. As such, by the end of January, it was ultimately unclear whether (1) Dr. Roulac included the wrong economic impact and just compensation numbers in his report, (2) Dr. Roulac failed to produce the actual supporting buildup for his report, or (3) the numbers in the report are simply at odds with the supporting buildup and therefore unsupported. As a result, the United States has been nsure what Dr. Roulac's opinions as to economic impact and just compensation were in this case and whether they were supported.

In addition, Dr. Roulac's expert report appeared to be missing at least one appendix critical to understanding his methodology. Dr. Roulac did not explain in his expert report how he obtained or processed the CoStar data used for his estimate of market rents, noting only that a description of the "process and procedures used to generate the CoStar submarket data" is provided in "Appendix XXX." Exhibit A at 50. However, no such appendix was produced. Accordingly, the United States had no information as to Dr. Roulac's methodology in this area.

Third, Dr. Roulac applied property-specific adjustments to rents, expenses, and occupancy rates, but provided no supporting calculations or documentation for them. The absence of this information suggested the existence of another missing appendix or workpaper.

Accordingly, the United States lacked information as to either Dr. Roulac's methodology in the calculation of these adjustments or his potential supporting documentation.

The United States's economic impact and just compensation expert attempted to work with Dr. Roulac's report on an "as is" basis in an effort to keep this case on schedule. However, Government counsel finally concluded that the uncertainty as to Dr. Roulac's ultimate opinions and the support for those opinions (including with respect to the final numbers in the case for the vast majority of the 63 properties) made it inadvisable to proceed unless the deficiencies in Dr. Roulac's report were remedied. We wished to avoid a situation in which our expert simply opined that Dr. Roulac's opinions are unclear and unsupported, only to be met with a late supplementation and the production of a raft of new data, calculations, and opinions that we would have to respond to, either in a sur-rebuttal report or by motion to this Court, while, at the same time, conducting depositions or meeting the Court's existing pre-trial deadlines in this case.

On February 3, 2026, we alerted SWPs counsel to our concerns, Exhibit I, and two days later were assured by SWPs' counsel that SWPs were taking the United States's concerns "very seriously." *See id.* On February 9, 2026, we made another inquiry as to the status of the outstanding items, and were promised a substantive response by February 11, 2026. Exhibit J. This promise by SWPs' counsel led us to report to the Court in the February 9 joint status report, due that day, that the parties were attempting to work cooperatively through the issues with Dr. Roulac's workpapers and anticipated submitting a joint motion to enlarge the expert deadlines in this case in a matter that did not affect the trial schedule. ECF No. 872.

However, with no information having been produced by February 11, around the close of business on February 12, 2026, we made another inquiry as to the status of the missing materials, and were surprised to receive a communication promising a "revised expert report." Exhibit K.

4

On Friday, February 13, 2026, we received a production of a revised expert report and some additional workpapers.

A review of the revised expert report disclosed some new opinions, including a discussion of a supposed rent "Enhancement Factor," which was newly relied upon by Dr. Roulac, but not clearly supported in the report. *See* Exhibit L at 50; *see also id.* at 16-32, 51-67. However, although SWPs's production of workpapers in connection with the new report answered the concerns that we brought to counsel's attention on February 3, the new report introduced a raft of other problems, which were discovered by the Government's experts over the President's Day weekend. In the revised report, Dr. Roulac purported to rely on a number different supporting schedules, Exhibit K at 16-32, 51-67, at least 12 of which were not produced. In addition, certain references in the revised report – for example, a reference on page 27 to Ref 1.1.6 – Balance Imbalance Suehar Apartments – suggested that there might be additional "Balance Imbalance" workpapers for all of the other properties, yet none were produced.

We brought these issues promptly to SWPs' attention on Tuesday, February 17, 2026. Exhibit M. In response, SWPs' counsel informed us that Dr. Roulac was "working on sourcing and organizing the information you have identified." *Id.* As of the time of this filing, no such materials have been produced. As our experts' review of SWPs' new expert report has progressed, they have alerted us that there are additional deficiencies that we have not yet been able to address with counsel for SWPs.

The Government is fundamentally entitled to understand the bases on which SWPs are making a $28 billion demand for damages in this case, and to sufficient time to evaluate and rebut those opinions. Indeed, that is the entire purpose of RCFC 26(a)(2)(B), and, specifically,

5

the requirement that expert disclosures contain "a complete statement of all opinions the witness will express *and the basis and reasons for them*[,]" as well as "the facts or data considered" by an expert.  RCFC 26(a)(2)(B)(i), (ii) (emphasis added).  This Court also provided the parties with approximately two months to rebut each other's expert opinions, ECF No. 866, which was premised upon the assumption that both parties would comply with the disclosure requirements of RCFC 26.

At this point, over two months after the deadline, SWPs –despite the overall length and complexity of their opening and revised reports – still have not provided fully compliant disclosures as to key portions of their analysis, and, as a result, they have both violated this Court's scheduling order and confounded meaningful review by the Government.  With a major supplementation of the report having occurred only five days ago, which itself constituted a deficient disclosure, the Government's experts simply cannot evaluate the untimely produced materials and prepare a rebuttal report on economic impact and just compensation in the time remaining in the schedule.  Moreover, because of the volume of material that is still outstanding, our experts cannot evaluate how much additional time they would need to rebut the new opinions.

Given history to date, and the fact that we have given SWPs every opportunity to remedy the deficiencies that we have identified (to no avail), we are not confident that Dr. Roulac is going to be any more comprehensive in responding to this most recent round of deficiencies, and the Government's experts, having only been initiated over the holiday weekend, have advised that their review is uncovering more problems.  Moreover, it is troubling, to say the least, that Dr. Roulac would still be "sourcing" the information cited in his report after the report was already turned over to the Government, and over two months past the original due date.  Exhibit

M.

To their credit, counsel for the SWPs appear to have acknowledged the deficiencies in Dr. Roulac's disclosures, and have seemed to be attempting to resolve them with Dr. Roulac. Counsel for the SWPs have advised us that SWPs have diverted substantial resources of their own to this effort, and, as a result, the SWPs themselves are in need of additional time and/or a stay to complete their own rebuttal report on economic impact. The Government is still supportive of a cooperative solution, *i.e.*, a stay of the deadline for submission of rebuttal reports on economic impact and a corresponding stay of the ultimate deadline for expert discovery, but our significant concern is that the parties are at this point out of time in the schedule to accommodate further delay in connection with SWPs' opening expert opinions and disclosures in this case.

SWPs' inability to comply with RCFC 26(a)(2)(B) and this Court's scheduling order has already caused unfair prejudice to the Government. Having fully complied with those requirements, the Government has made every effort to keep the case on track, attempting to accelerate its review while not knowing what Dr. Roulac's ultimate opinions are, by what methodology he reached those opinions, and on what facts those opinions rested. At the same time, we have diverted resources to evaluate Dr. Roulac's shifting expert opinions, and to tracking down materials that should have been produced on December 15. At this point, we have no choice but to seek relief of the Court.

Thus, we respectfully request that the Court, on an expedited basis, stay the deadline for the submission of rebuttal expert reports on economic impact until a reasonable time after SWPs's original expert disclosures on economic impact are complete, with a concomitant enlargement of time to complete all expert discovery in this case.

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

<u>/s Amanda L. Tantum by</u>
<u>s/ A. Bondurant Eley</u>
AMANDA L. TANTUM
Senior Trial Counsel
A. BONDURANT ELEY
Senior Litigation Counsel
STEPHANIE FLEMING
TATE N. WALKER
Trial Attorneys
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-8131
E-mail: amanda.tantum@usdoj.gov

Attorneys for Defendant

February 19, 2026