**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ANAHEIM GARDENS, *et al.*,       ) | |
|                ) | |
|       Plaintiffs,       ) | |
|                ) | |
|     v.                 ) | No. 93-655C |
|                ) | (Judge Tapp) |
| THE UNITED STATES,       ) | |
|                ) | |
|       Defendant.       ) | |

**DEFENDANT'S RESPONSE TO SECOND-WAVE PLAINTIFFS C-W ASSOCIATES, LP AND B-L ASSOCIATES, LP'S MOTION TO STAY CONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THEIR CLAIMS**

Defendant, the United States, respectfully submits its response to second-wave plaintiffs (SWPs) C-W Associates, LP (C-W) and B-L Associates, LP's (B-L) request that the Court stay consideration of our motion for summary judgment on their claims pending a decision by the United States Court of Appeals for the Federal Circuit on the appeal filed by the first-wave plaintiffs (FWPs). *See* Pls. Opp'n to Def. Mot. for Summ. J. (Opp'n) at 19 n.7, Mar. 10, 2026, ECF No. 883.

**INTRODUCTION**

C-W and B-L requested a stay of the Court's consideration of our motion for summary judgment on their claims pending a decision by the Federal Circuit on the FWPs' appeal raising issues related to the Court's consideration of Massachusetts General Laws, Chapter 121A and agreements under it. However, they have failed to carry their burden of demonstrating any hardship that they face in the absence of a stay. The Court should deny C-W and B-L's request for a stay in order to maximize the parties' time and effort rather than require us to wait even longer to obtain a resolution of C-W and B-L's claims, which have been pending since 1993.

**ARGUMENT**

I.    **Standard Of Review**

The power to stay proceedings is incidental to the Court's inherent power to control the disposition of the cases on its docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Topsnik v. United States*, 114 Fed. Cl. 1, 3-4 (2013) ("To justify suspending the regular course of litigation, the proponent 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" (quoting *Landis*, 299 U.S. at 255). The proponent of a stay bears the burden of establishing that the stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997). Moreover, the Court should consider the "competing interests" of the party opposing the requested stay. *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). "Only rarely will this full consideration result in a decision to grant a stay." *Braswell v. United States*, 155 Fed. Cl. 148, 150 (2021) (citing *Landis*, 299 U.S. at 256).

II.    **The Court Should Deny SWPs' Request To Stay Consideration Of Our Motion**

C-W and B-L request that the Court stay consideration of our motion "until the Federal Circuit rules on the appeal of [the decision related to] Chauncy House Company," which also involves a 121A Agreement. Opp'n at 19 n.7. However, neither C-W nor B-L described any hardship that they will face if the Court does not grant the stay. Thus, C-W and B-L have not carried their burden of establishing "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 254-55.

Moreover, the Court should consider our "competing interests" in avoiding the expense and expenditure of resources defending B-L and C-W's unsupported claims at trial absent a

decision. *Cherokee Nation*, 124 F.3d at 1416.  The Court did not stay proceedings on SWPs'

claims pending a decision by the Federal Circuit on FWPs' claims.[1]  Given that claims of 43

SWPs are currently proceeding to trial, the most efficient use of the Court and the parties' time

and resources incorporates a consideration by the Court as to whether there are no disputes as to

material facts requiring a trial for two of those 43 SWPs' claims, as explained in our motion for

summary judgment.  "Summary judgment, when appropriate, is a favored method of resolution."

*Allstate Ins. Co. v. Hansten*, 765 F. Supp. 614, 616 (N.D. Cal. 1991) (citing *Celotex Corp. v.

Catrett*, 477 U.S. 317, 322 (1986)).  The "[s]ummary judgment procedure is properly regarded

. . . as an integral part of the Federal Rules as a whole, which are designed 'to secure the just,

speedy and inexpensive determination of every action[,]'" including the ongoing proceedings on

SWPs' claims.  *Celotex*, 477 U.S. at 327 (quoting Fed. Rule of Civ. P. 1).  The Court should,

therefore, deny the requested stay.

Moreover, SWPs' reasoning for seeking a stay – getting a Federal Circuit decision on

"the impact of a Chapter 121A Agreement on the prepayment expectations of First Wave

Plaintiff Chauncy House Company," Opp'n at 19 n.7 – could only support a stay on the Court's

consideration of the portion of our motion for summary judgment related to Chapter 121A.  Mot.

at 27-32.  SWPs provide no reason that the Court should stay its consideration of our other

grounds for summary judgment – the special permit and variances granted to C-W for

construction of its apartment buildings, the condition on prepayment in C-W and B-L's

---

[1]  The United States did not oppose SWPs' motion to stay proceedings on the SWPs' claims pending a decision by the Federal Circuit on FWPs' appeal.  *See* Pls. Mot. to Stay at 1 n.1, March 6, 2025, ECF No. 821.  The Court denied that motion to stay, explaining that SWPs' claims should not be "consign[ed] . . . to continued procedural purgatory."  Order, Aug. 20, 2025, ECF No. 855.  The Court's reasoning applies equally to SWPs' request to stay consideration of our motion for summary judgment on C-W and B-L's claims, which in essence requests reconsideration of the Court's August 20, 2025 decision.

mortgages with the Massachusetts Housing Finance Agency, and "'Pledge' by Owners of Projects with Expiring Use Restrictions" entered into by C-W.  Mot. at 24-26, 32-34.  Even if the Court considers granting a stay, the Court should not stay consideration of these issues unrelated to Chapter 121A and thereby deny us a decision on our motion for summary judgment that could save us the time, expense, and resources of defending C-W and B-L's claims at trial.

## CONCLUSION

For these reasons, the Court should deny SWPs' request to stay consideration of our motion for summary judgment on C-W and B-L's claims.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

s/ Amanda L. Tantum
AMANDA L. TANTUM
Senior Trial Counsel
A. BONDURANT ELEY
Senior Litigation Counsel
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-8131
E-mail: amanda.tantum@usdoj.gov

Attorneys for Defendant

March 24, 2026