**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 93-655C |
| v. | ) | (Judge Tapp) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S EXPEDITED MOTION FOR LEAVE TO CONDUCT
A TWO-DAY DEPOSITION OF PLAINTIFFS' EXPERT STEPHEN ROULAC**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court grant leave for the United States to depose Dr. Stephen Roulac, Second Wave Plaintiffs' (SWPs) expert on economic impact and just compensation, for two days of seven hours each.  The United States requests expedited consideration of this motion, as expert discovery is set to close on April 27, 2026.  Pursuant to RCFC 7.3, we represent that we conferred in good faith with SWPs' counsel, and have been advised that SWPs oppose.

RCFC 30(d)(1) provides that, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours[,]" but that "[t]he court *must* allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent[.]"  RCFC 30(d)(1) (emphasis added).  As this Court has previously recognized – when the six First Wave Plaintiffs in this very action sought to depose the United States for "at least three seven-hour days" and were granted that relief – the seven hour limit may be modified for good cause, *Anaheim Gardens v. United States*, No. 93-655, 2014 WL 4401529 at *2 (Fed. Cl. Sept. 5, 2014) (citing Fed. R. Civ. P. 30(d) advisory committee's note (2000)), and "[m]ulti-party cases are expressly noted by the Advisory Committee Notes as one reason a court may consider allowing

an extended deposition." *Id.* at *2 (citing Fed. R. Civ. P. 30(d) advisory committee's note (2000)).  Indeed, it is an uncontroversial proposition that the complexity of a case is a factor justifying a request for additional deposition time, *see, e.g.*, *Canal Barge v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 817853, at *4 (N.D. Ill. July 19, 2001) (unpublished) (finding that "the factual complexity of discussing repair work performed on 56 barges and the need to refer to numerous accompanying documents justifies authorization to extend the time allowed for this deposition"), and where the witness is a key witness.  *Securities and Exchange Comm'n v. Schroeder*, No. C07-03798 JW (HRL), 2009 WL 3320417, at *2 (N.D. Cal. Oct. 13, 2009) (unpublished) (granting additional deposition time where "the case does appear to be complex, and the court is sensitive . . . to give [the defendant] sufficient time with a witness who is the key to his defense").

There is no question that there are multiple plaintiffs in this trial, that the economic models are complex, and that Dr. Roulac is a key witness.  Although SWPs' claims have been consolidated for trial, the 43 SWPs have brought distinct regulatory takings claims against the United States based on: (1) the economic impact of the regulation; (2) the extent to which the regulation has interfered with reasonable investment-backed expectations; and (3) the character of the Government action.  *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978).  A court must balance the *Penn Central* factors in an *ad hoc* factual analysis.  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 720 (1999).  However, the United States Supreme Court has also recognized that the first two factors – regarding economic impact and investment-backed expectations – are the primary factors.  *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. at 538-39, 528 (2005).  Based upon this very background, this Court has previously permitted the United States to depose an economic impact expert for in excess of

2

seven hours in just a single-plaintiff prepayment taking case.  *See Independence Park Apartments v. United States*, 59 Fed. Cl. 764, 769 (2004) (extending the time period for deposition beyond seven hours and noting that the case "had a long and convoluted history," its procedural posture was "very unusual, if not unique," and the deponent's testimony was likely to "serve a pivotal role").

Dr. Roulac has served two voluminous expert reports in this case, and voluminous workpapers, purporting to calculate economic impact and just compensation individually for each of the 63 properties.  In this context, adhering to the seven-hour limit in RCFC 30(d)(1) would mean that the United States would have on average less than seven minutes to depose Dr. Roulac as to his opinions on each property.  This is obviously a profound injustice in light of the importance of the economic impact and just compensation inquiry in the overall takings analysis, and where alleged damages for individual plaintiffs range from a low of $359,230 to in excess of $2 billion (and in aggregate of $28 billion in total damages) from the United States. Exhibit A at 90 (Exhibit 19 to Revised Roulac Expert Report).  Moreover, as this Court is aware from recent proceedings, Dr. Roulac's opinions purport to be the product of a complex, individualized – and shifting – analysis, which the United States is clearly entitled to explore during deposition and trial.  And, finally, the United States is entitled to explore Dr. Roulac's representations that computer errors are to blame for the lack of support for his opinions.  Thus, good cause exists to permit the United States to depose Dr. Roulac for more than seven hours. Indeed, we respectfully submit that our proposal of two days of deposition at seven hours each day is a conservative request.

For the foregoing reasons, we respectfully request that this Court grant the United States's motion for leave to depose Dr. Roulac for two days of seven hours each.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

s/ Amanda L. Tantum by
s/ A. Bondurant Eley
AMANDA L. TANTUM
Senior Trial Counsel
A. BONDURANT ELEY
Senior Litigation Counsel
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-8131
E-mail: amanda.tantum@usdoj.gov

Attorneys for Defendant

April 10, 2026