**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ANAHEIM GARDENS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 93-655 |
| | ) | (Judge David A. Tapp) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION FOR CONTINUANCE IN START OF TRIAL**

Second Wave Plaintiffs ("SWPs") respectfully submit this motion seeking a continuance of the start of the trial in this matter. On July 13, 2026, fewer than 48 hours before the scheduled start of trial, the Court issued its Memorandum Opinion and Order (ECF No. 983) (the "Order") that granted, in significant part, the United States's Motion *in limine* (ECF No. 916) and its motion to exclude SWPs' economic expert (ECF No. 918). The Court's Order affects the testimony of 14 witnesses who are to testify about scores of separate properties.

As a result of the Order, SWPs must reexamine the evidence that was to be presented on behalf of each individual property to be certain it complies with the Court's Order, an order which constrains the planned presentation of evidence for many of the SWPs. The effect of the Order will certainly be that for some properties, the presentation will have to be substantially truncated. For example, for The Palomar, a property about which evidence was to be offered on July 20th and 21st. Making considered judgments about how to proceed cannot be completed in the few hours remaining before the start of trial.

In addition, counsel must talk to each of the dozens of SWPs to explain what the Order says and how it impacts their individual case and discuss with them how they would like to proceed under the circumstances. Each plaintiff will have to consider the impact of the Order on

its individual case. The time remaining before the start of trial is not sufficient to allow those conversations to take place or for each plaintiff to make a reasoned decision.

The Order also effectively eliminates SWPs' ability to provide testimony concerning the amount and severity of their economic losses, which are essential elements of their claims, because it grants the Motion to exclude the expert testimony of Dr. Stephen Roulac (ECF No. 918).  The Court has understandably deferred ruling on the Motion for Leave (ECF No. 978), because it has not been fully briefed. A decision on that motion will also have to be reviewed with all the plaintiffs, as they consider how to proceed. That is true even if the motion is granted, because even under those circumstances, the plaintiffs will have to consider the combined impact of the Order granting the motion in limine and the outcome of the Motion for Leave, in order to decide what to do. If the motion is denied, in SWPs' view, that would be tantamount to dismissal, and the plaintiffs will have to decide whether any further investment of time or money in this case is warranted.

Because the decision on the motion for leave will be impactful, SWPs respectfully request that the start of the trial be continued until after the Court issues its decision on the motion or August 3, 2026, whichever is later.  Previously, the parties submitted a joint motion to amend trial schedule (ECF No. 950), which the Court denied (ECF No. 968); the SWPs also submitted a Motion to Clarify (ECF No. 975).  The grounds supporting this Motion are entirely different from the grounds advanced for those motions and justify the continuance requested here as a consequence of the Order. The circumstances demonstrate that SWPs will suffer severe prejudice if the requested continuance is not granted.

SWPs have conferred with the United States about this motion. The United States has said that it does not oppose the relief sought in this motion.

Dated: July 13, 2026                Respectfully submitted,

/s/ *Harry J. Kelly*
Harry J. Kelly
NIXON PEABODY LLP
799 9th Street N.W., Suite 500
Washington, D.C. 20001
(202) 585-8000
hkelly@nixonpeabody.com


Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing Motion to be filed electronically with the

Clerk of Court using the CM/ECF system on this 13th day of July 2026, which will then send a

notification of such filing (NEF) to the following recipients:

> AMANDA L. TANTUM
> Senior Trial Counsel
> Commercial Litigation Branch
> Civil Division
> Department of Justice
> Ben Franklin Station
> P.O. Box 480
> Washington, D.C. 20044
> amanda.tantum@usdoj.gov

> /s/ *Harry J. Kelly*
> Harry J. Kelly

4